**In the Matter of the Injury to Frank M. REED, Employee of Husman Bros., Inc., Employer.**

**WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant (Petitioner below), Husman Bros., Inc., a Corporation, Appellant (Employer below),**

v.

**Frank M. REED, Appellee (Employee below.)**

**No. 3689.**

Supreme Court of Wyoming.

Aug. 8, 1968.

Joseph E. Darrah, Sp. Asst. Atty. Gen., Cheyenne, for Wyoming State Treasurer.

L. A. Yonkee (of Redle, Yonkee & Redle), Sheridan, for Husman Bros.

Robert E. Holstedt, Sheridan, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Frank M. Reed, claimant, a 45-year-old resident of Sheridan, and his partner subcontracted with Husman Bros., Inc., prime contractors, to do certain fencing work in connection with a Bureau of Roads project at Centennial, Wyoming, the claimant being reported by Husman Bros. to the Workmen's Compensation Department as on the payroll. The fencing work had been commenced July 5, 1967, and while setting a post about 11 a. m., August 23, Reed felt a pain through his arms and chest. He tried to work for a time, went to lunch at noon, and after going back on the job, felt worse. He drove to Laramie to see a doctor who took cardiograms and an X ray and called claimant's wife in Sheridan, who came to Centennial where the two stayed overnight and next day returned to Sheridan. There the employee saw Dr. Don Reed, who placed him in the hospital with a diagnosis of acute coronary occlusion of the posterior wall of the heart. He was discharged from the hospital on September 4 and thereafter filed a report of the accident as did Husman Bros. The case was subsequently transferred to Sheridan for hearing, at which time both the employer and employee were represented by counsel. The only medical testimony offered was given by Dr. Reed. The court found the claimant to have been engaged in extra-hazardous employment for Husman Bros. and that he did "suffer" an accident while so engaged in his duties and was entitled to all the benefits accruing under the Workmen's Compensation Law as an employee. Thereafter the Wyoming State Treasurer, ex rel. Workmen's Compensation Department, under the provisions of § 27–129, W.S.1957 (Compiled 1967), filed a petition to reopen the case, which was denied, and the cause is before us on the appeal of both the State Treasurer and the employer. Three questions are presented for determination:

(1) Was appellee an employee of the Husman Bros. under provisions of the Workmen's Compensation Law?

(2) Was the dismissal of the petition to reopen reversible error?

(3) Was the injury sustained a compensable injury?

█ We find no merit in the first-mentioned ground of appeal. Although there is some intimation and casual reference by Husman Bros. to the fact that appellee was performing a contract which created the relationship of principal and independent contractor rather than employer and employee, there is no cogent argument presented to substantiate this, and the fact that the corporation reported him to the Workmen's Compensation Department as being on its payroll is inconsistent with the contention.

The second question raised, i. e., the propriety of the court's refusal to reopen the case is primary. The court's order, which denied the petition to reopen, recited that the treasurer was notified of the previous hearing, "failed to appear at said hearing and there being no just cause shown, the Court finds that there is no probable cause to re-open." In analyzing the problem, we note that § 27–129, W.S. 1957 (Compiled 1967), under which the petition was filed, appears to be unique, Judge Blume having said of its predecessor (identical in all respects here relevant), "This statute—the like of which we have not found to exist in any other commonwealth—must be construed in the light of the situation which was sought to be remedied thereby." Marsh v. Aljoe, 41 Wyo. 220, 284 P. 260, 262. It provides:

"The state treasurer shall have the right to cause any case to be re-opened in which an order of award has been made, provided he shall cause a petition for the re-opening of the case to be filed with the court which granted the award * * *. Such petition must show probable cause that error was made in the amount of the award, or the character of the award, or the grounds on which the award was made, and may specify as a reason for re-opening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. * * *"

In the present situation, the treasurer filed a petition which stated "that said petitioner is informed and believes that there is probable cause to believe error was made on the grounds to which the award was made, namely that the alleged injury sustained by said employee on the 23rd day of August, 1967 was not an injury sustained in extra-hazardous employment as defined by Section 27–49 [III] (a), Wyoming Statutes 1957, but was a disease rather than 'an injury and personal injury' and not compensable by definition set out in Section 27–49 [III] (b), Wyoming Statutes 1957."

Appellants call attention to various discussions of Judge Blume in Marsh v. Aljoe, supra, 284 P. at 262, "the reopening of the case by the state treasurer is designated as a 'right'; that the law contemplates a 're-trial' of the case when a proper showing is made." That opinion then goes on to discuss a matter not here relevant, i. e., the question of presenting new evidence and the duty of the trial court to determine whether or not this would have a material bearing on the case, but thereafter, 284 P. at 263, expresses views which we deem to have some bearing here, "We think that the Legislature contemplated that he [state treasurer] should be given the advantage of a regular trial, the same as is given other parties in the case, and meant to make his right thereto, within the limits mentioned in the law, as broad as the right of the employer and employee, so as to give the state full measure of protection."

Appellee in resistance urges that the petition to reopen does not show any probable cause or inform the court as to what might be the probable cause to believe that error was made but makes only a bald statement and insists that March v. Aljoe, supra, on which appellant relies is so different as to be unpersuasive.

We have no concrete evidence of the legislature's intention in the enactment of the mentioned statute since a record of any hearings or proceedings regarding its purpose is unavailable, but we give considerable weight to Judge Blume's analysis and his determining the legislature had contemplated that the State Treasurer for the Workmen's Compensation Department should be given the advantage of a regular trial when there was valid reason therefor, without being penalized for any failure to appear at the previous hearing.

The use in the statute of the words "petition must show probable cause that error was made" is unfortunate and particularly is the employment of the words "probable cause" aberrant. These words by frequent usage have evolved a rather distinctive meaning unrelated to petitions, complaints, or pleadings, being normally used in senses entirely foreign to their application here, e. g., in seizures, search warrants, malicious

prosecution, guilt or innocence, defamation, etc. 34 Words and Phrases, p. 12 ff. (1957); Ballentine, Law Dictionary, pp. 1020–1021 (2 ed.).

No statutes or rules have come to our attention where there has been a requirement that a *petition* show probable cause, but some discussion by federal courts of the pivotal words as applied in another legal field is illuminating. The federal law provides that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." 28 U.S.C.A. § 2253. In construing this rule it was said in United States ex rel. Rivera v. Reeves, S.D.N.Y., 246 F.Supp. 599, 601, "The issue before this Court on the instant application is whether there exists 'probable cause' for an appeal. * * * Section 2253 * * * does not define what is meant by 'probable cause.' As generally used, it requires, however, something more than a frivolous assertion * * but something less than the imperatives of 28 U.S.C. § 1292.[1] Some courts have said it requires 'a substantial question worthy of consideration.'"

While in this case the petition to reopen filed by the State Treasurer might be subject to criticism as being inartfully drawn or weakened by the allegation of information and belief, we find it not reasonably subject to any charge of frivolousness. Rather it presents a substantial question easily recognizable and worthy of consideration, the recitals therein being specific enough to constitute probable cause. True, the petition does not specify as a reason for the desired reopening the existence of evidence not given in the original hearing or the general nature and effect which such would have; however, the provision concerning that as-

pect in the statute is permissive and additional to the requirement for showing of probable cause as a basis for the reopening. To us the petition's showing of probable cause for reopening is clear in the statement that "the alleged injury was not one sustained in extra-hazardous employment as defined by Section 27–49 [III] (a), Wyoming Statutes 1957, but was a disease rather than 'an injury * * *'." Any delineation of this allegation would be cumulative only and would add little to the nature of the petition. It follows that the petition to reopen filed by the State Treasurer should have been granted, the denial thereof was prejudicial error, and the order must be reversed.

Any consideration of the third ground of appeal, whether the injury sustained was a compensable injury, is premature.

The cause is remanded to the trial court with instructions to proceed in accordance with the views herein expressed.

Reversed and remanded.

Mr. Chief Justice HARNSBERGER concurring in the result only.

This appeal assumes it was taken pursuant to § 27–129, W.S.1957, C.1967, by reason of the district court's refusal to reopen a compensation case upon the petition of the State Treasurer, following an award of compensation to the claimant.

The State Treasurer's petition to reopen is wholly insufficient to comply with the requirement of our statute in that it alleges no *facts* showing "probable cause that error was made in the amount of the award, or the character of the award, or the grounds on which the award was made," nor did it specify any "existing evidence not given in the original hearing" or show "the general * * * effect of such evidence."

The most the petition stated was that the claimant was suffering from a disease and had not sustained a compensable injury.

---

1. "When a district judge * * * shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C.A. § 1292.

It failed to assert the existence of any evidence "not given in the original hearing" but contents itself with the pleader's bald conclusion that the claimant suffered from disease, not injury. In consequence the district court properly denied the State Treasurer's petition to reopen.

Notwithstanding the court's denial of the State Treasurer's petition to reopen was without error, there is a further statute giving the State Treasurer the right to appeal to this court without the necessity of presenting any petition for the reopening of a case to the trial court. Section 27–131, W.S.1957, C.1967, provides:

> "In addition, and without the necessity of presenting any petition for the re-opening of a case to the trial court, the state treasurer shall have the right to appeal to the supreme court from any order or judgment in any district court of the state awarding compensation or declining to award compensation although he was not a party to the proceedings in such district court. * * *"

This statute leaves little doubt about the State Treasurer's unrestricted right to appeal from the district court's order of award. Furthermore, because, in my opinion, the record does not sufficiently delineate the exact cause of the claimant's disability, I must concur but only in the result found in the majority opinion.