WYOMING STATE TREASURER ex rel. WORKER'S COMPENSATION DIVISION, Appellant (Objector-Defendant below),

v.

Richard SVOBODA, Jr., Appellee (Claimant below).

WYOMING STATE TREASURER ex rel. WORKER'S COMPENSATION DIVISION, Appellant (Objector-Defendant below),

v.

Susan SVOBODA, Appellee (Claimant below).

Nos. 4844 and 4845.

Supreme Court of Wyoming.

Jan. 6, 1978.

V. Frank Mendicino, Atty. Gen., and Lawrence A. Bobbitt, III, Asst. Atty. Gen., Cheyenne, for appellant.

Harry E. Leimback, Casper, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

The claimants, in these consolidated worker's compensation cases, were awarded temporary total disability compensation for injuries sustained in an automobile accident. The original order of award, dated April 27, 1976, was entered after an informal hearing—there being no objection to the claims by the employer—wherein it was found that said injuries were sustained while the claimants were working in a covered occupation. Payment of compensation was to continue, on a monthly basis, upon certification of the attending physician. Follow-up claims for compensation were filed and certified—without employer objection—by the clerk of the district court in the months of May through September, 1976. In addition, various orders of award for medical and hospital services were certified, without objection, by the clerk. On November 15, 1976, the clerk certified and filed a follow-up claim for compensation—covering the month of October and forwarded a copy to the worker's compensation division. On November 19, 1976, the division filed a petition to reopen, pursuant to § 27–372, W.S.1957, 1975 Cum.Supp.,[1] alleging as follows:

"1. Evidence now available to the Objector-Defendant and not available at the time of the accident tends to indicate probable cause that the original claim is not compensable.

"(a) A police report of accident for the time of the injury indicates that Claimants may have been intoxicated. Open cans of beer or alcoholic beverage were found in the vehicle and so indicated on the officer's report.

"(b) Two witnesses have come forward and indicated that Claimants told them that they were not in the scope of their employment at the time of the accident but were driving from a party to collect more alcoholic beverages for the party.

"2. Such evidence, if true, would constitute probable cause to reopen this case indicating Claimants were outside of the scope of their employment at the time of the accident."

On the same day, as a result of the allegations contained solely in the petition, an *ex parte* order was entered, suspending payments to the claimants and reopening the case pending further investigation and a new hearing. On December 7, 1976, claimants filed an answer asserting, *inter alia*, that the petition was untimely and did not set forth probable cause to reopen. The answer was later amended to add the defense of *res judicata*. Subsequent to a pretrial conference, the court entered: a pre-

---

1. Section 27–372, W.S.1957, 1975 Cum.Supp., provides that:

"The director may reopen any case in which an order of award has been made. He shall petition for the reopening of the case and file it with the court which granted the award, within thirty (30) days after the date on which he received the order of award. The petition must show probable cause for error in the amount of the award, the character of the award, or the grounds on which the award was made, and may specify as a reason for reopening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. Upon filing of a petition and the court finding that probable cause is shown thereby, the court shall stay the award, and upon reasonable notice to all parties reopen the case and set the case for a new hearing. The director or state treasurer may take such part in the hearing as he deems advisable and has every right and privilege of a party to the cause. He may appeal to the supreme court any order in the hearing or order refusing to reopen a case."

trial order, indicating that the trial date would be used for a further probable-cause hearing; and an order, reinstating the payments to claimants and, upon finding that probable cause to reopen had not yet been shown, rescinding the prior *ex parte* order.[2]

On appeal, the parties raise the following issues:

1. Was the petition to reopen timely?

2. Was the reinstatement-of-payments order appealable as a final order?

3. Was there a sufficient showing of probable cause for the original *ex parte* order?

While the division initiated this appeal on the basis of the third issue, the claimants-appellees raised other issues which must be considered at the outset. Claimants assert that since the division failed to file its petition to reopen within thirty days of the original (April 27) temporary-total-disability order, the district court was without jurisdiction to reopen the case under § 27–372, supra. A reading of § 27–372, supra, discloses that the phrase "within thirty (30) days after the date on which he received *the order of award*" (emphasis added) does not clearly indicate which "order of award" is contemplated. Other provisions of the Wyoming Worker's Compensation Act contemplate awards for: medical and hospital expenses; temporary total disability (on a monthly basis); permanent partial disability (on a monthly or lump-sum basis); permanent total disability (on a monthly or lump-sum basis); artificial replacements; and benefits for surviving spouses, parents, and children (on a monthly or lump-sum basis). Sections 27–335 to 27–344, W.S. 1957, 1975 Cum.Supp. Each of these awards is subject to the giving of notice and an opportunity for hearing to the employer. In the event of a dispute, procedures are set out for the speedy settlement of differences. Sections 27–360 and 27–362, W.S.1957, 1975 Cum.Supp. Section 27–366, W.S.1957, 1975 Cum.Supp., provides:

"The director or his designee may for any reason appear in the district court and defend against *any claim* and shall in all respects have the same rights of defense as the employer. *Failure to contest a claim does not constitute waiver by the director of his right to reopen an award where he does not appear and defend at the original trial.*" (Emphasis added)

Section 27–365, W.S.1957, 1975 Cum.Supp., provides:

"Every award within the meaning of this act [§§ 27–310 to 27–388] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various' accounts provided under this act as to all matters involved. Except as otherwise provided, the Wyoming rules of civil procedure shall govern in matters before the courts of this state in reference to this act. *No award of compensation or allowance of any expense claim chargeable against the account of any employer contributing under this act shall be made without notice to the employer and opportunity for hearing,* unless the employer files written consent to the claim in [the court having jurisdiction. If no written objection to the payment of the claim is filed within ten (10) days from the date of verified receipt of the notice to the employer or his qualified agent, it is conclusively presumed that the employer consents to the claim and the claim shall be submitted to the clerk of district court for approval. If after a diligent effort has been made the notice cannot be served upon an employer, the clerk of district court may allow or disallow the claim.]" (Emphasis added) (Last bracketed material, quoted from Ch. 149, § 1, S.L. of Wyoming 1975, was printed in improper sequence in the 1975 Cum.Supp.)

Whether a claim is adjudicated under the formal-dispute procedures, or informally by the clerk of the district court—where there

---

**2.** It is noted that the first order, finding probable cause to reopen, was entered by Judge J. F. Mahoney, while the subsequent order was entered by Judge R. M. Forrister. The record does not disclose how this situation, involving different judges, occurred and we, therefore, make no comment with respect to its propriety.

is no employer objection—the character of the award as a judicial determination is not changed. See, *Midwest Refining Co. v. George,* 41 Wyo. 55, 281 P. 1005, 1007; and *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag,* Wyo., 452 P.2d 214, 217.

Chief Justice Blume commented on the purpose and contemplated intent of the predecessor to § 27–372, in *Marsh v. Aljoe,* 41 Wyo. 220, 227, 284 P. 260, 262–263, when he said:

> ". . . This statute—the like of which we have not found to exist in any other commonwealth—must be construed in the light of the situation which was sought to be remedied thereby. The state, as such, takes care of the fund from which workmen's compensation is paid, has contributed to it, and has from time to time taken pains to see that it has been maintained. While interested in having the general policy of the Workmen's Compensation Law carried into effect and its beneficial purposes applied, the duty or burden has also devolved upon it to see that there is money on hand with which to pay those actually entitled to the benefits under the act, and that the fund is not exhausted as against such persons by others not properly within the intent and purpose thereof. But prior to 1927 the Legislature had provided no direct remedy by which the officers of the state might lend their protective hand for such purpose or by which the amount contributed by the state to such fund might be safeguarded by them. Hence, it gave the state treasurer, through the Attorney General, the 'right,' upon showing probable cause, to have any case reopened for the purpose of retrial.

\*    \*    \*    \*    \*    \*

"We think that the Legislature contemplated that he should be given the advantage of a regular trial, the same as is given other parties in the case, and meant to make his right thereto, within the limits mentioned in the law, as broad as the right of the employer and employee, so as to give the state full measure of protection."

Viewing § 27–372, supra, in light of the purposes to be accomplished, *Seyfang v. Board of Trustees of Washakie County School District No. 1,* Wyo., 563 P.2d 1376, we hold that the division may file a petition to reopen the case within thirty days of receipt of *any* award granted by authority of the district court. The division, by statute, is granted rights equivalent to those of an employer, which include the rights to challenge any claim or move to reopen any award. Additionally, if we were not to reach this conclusion, the division would be placed in the incongruous position of being able to directly appeal any order in the district court—under § 27–376, W.S.1957, 1975 Cum.Supp.—but being unable to seek a rehearing of the case before the district court.[3] This holding is in no way intended to define the limitations which may be placed on the division's right to a new hearing. The important issue of res judicata was not decided by the court below and, therefore, is not now before us. We only say that the division has the right to seek a reopening of the case within the afore-mentioned time limits and, this having occurred in the instant case, the district court had jurisdiction to entertain the division's petition. See *Willey v. Decker,* 11 Wyo. 496, 73 P. 210.

---

**3.** Section 27–376, W.S.1957, 1975 Cum.Supp., provides that:

"The director may appeal to the supreme court from *any order* or judgment in any district court of the state *awarding compensation or declining to award compensation* although he was not a party to the proceedings in the district court, *without the necessity of presenting any petition for reopening of a case to the district court.* After the appeal is perfected, the district court shall stay the execution of the order or judgment appealed from without requiring any bond. The attorney general or his assistant shall represent the director in all cases. All the costs of the new hearings granted upon petition of the director and all costs of appeals conducted by the director shall be paid by the general account, except such costs as the court in its discretion shall assess against any of the other parties to the cause." (Emphasis added)

Secondly, claimants assert that the court's reinstatement order was not a final order, since it contemplated a further hearing on the probable-cause issue. Pursuant to § 27–372, supra, the division may appeal to this court from any order refusing to reopen a case. The November 19 order entered herein clearly contemplated the reopening of the case, especially since it stayed the payment of outstanding awards—as required by § 27–372, supra. The subsequent district court order rescinded the previous order and reinstated all suspended payments. While the court did not deny the division's petition, *in toto*, since a further hearing thereon was contemplated, the net effect was to partially deny the petition as to awards outstanding at the time it was filed. Furthermore, it is apparent that the subsequent order of the court awarded compensation, and, therefore, the division was entitled to a direct appeal under § 27–376, supra, without regard to the division's petition to reopen. The effect of such an appeal is to stay the execution of such an order until such time as the propriety of the reopening can be determined. We hold that the order here in question was appealable.

Finally, the division asserts that the district court erred in rescinding the previous order to reopen, since there was originally a sufficient showing of probable cause for error under § 27–372, supra. This question has been considered by this court on two prior occasions. In *Marsh v. Aljoe, supra*, we held that an application for reopening which alleged that new evidence existed which would show that the claimant was suffering a disability at the time of injury, and which was supported by ex parte affidavits showing the general nature and effect thereof, was a sufficient showing of probable cause to reopen under the statute. In construing the statute, we said (284 P. at 262–263):

"... [I]t is silent as to the determination of the truth of new evidence by ex parte affidavits and that it makes no requirement of the state treasurer to show, when he filed his application, that the new evidence is true. Thus constru-

ing the law, we think it means that the court shall determine whether or not the new evidence will have, if true, a material bearing in the case; if so, that then it becomes its duty to reopen the case and let the truth be determined in a regular hearing. If this interpretation be not given to the act in question, the right granted to the state treasurer would generally be of little, if any, value. By reason of the distance, ordinarily, from the place of trial, the Attorney General would in nearly every case be at a disadvantage in procuring affidavits or counter affidavits within proper time. But what is more important is the opportunity to produce his witnesses in open court and to cross-examine the witnesses of the claimant, so that the truth may be fully tested, and to give the state treasurer merely the right to have a question of fact determined upon ex parte affidavits, or to deny him the opportunity above mentioned would mean that he is given but the shadow of a right."

In *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Reed*, Wyo., 444 P.2d 329, we were faced with a situation where the petition did not allege the existence of evidence not given at the original hearing. Rather, the petition merely stated (444 P.2d at 331):

"... '[T]hat said petitioner is informed and believes that there is probable cause to believe error was made on the grounds to which the award was made, namely that the alleged injury sustained by said employee on the 23rd day of August, 1967 was not an injury sustained in extra-hazardous employment as defined by Section 27–49 [III](a), Wyoming Statutes 1957, but was a disease rather than "an injury and personal injury" and not compensable by definition set out in Section 27–49 [III](b), Wyoming Statutes 1957.'"

In holding this petition sufficient to reopen the case, we said (444 P.2d at 332):

"While in this case the petition to reopen filed by the State Treasurer might be subject to criticism as being inartfully

drawn or weakened by the allegation of information and belief, we find it not reasonably subject to any charge of frivolousness. Rather it *presents a substantial question easily recognizable and worthy of consideration,* the recitals therein being specific enough to constitute probable cause. True, the petition does not specify as a reason for the desired reopening the existence of evidence not given in the original hearing or the general nature and effect which such would have; however, the provision concerning that aspect in the statute is permissive and additional to the requirement for showing of probable cause as a basis for the reopening. To us the petition's showing of probable cause for reopening is clear in the statement that 'the alleged injury was not one sustained in extra-hazardous employment as defined by Section 27–49 [III](a), Wyoming Statutes 1957, but was a disease rather than "an injury  *  *  *".'" (Emphasis added)

■ The petition in question in the instant case alleges the existence of evidence not given at the original hearing, and alleges that the injuries sustained were outside of the claimants' scope of employment. The latter assertion was sufficient, under the test announced in *Reed,* to show probable cause for reopening. We hold, therefore, that the district court erred in reversing the previous order to reopen and in reinstating the payment of outstanding claims. Once probable cause for a reopening is shown, the statutes clearly direct that all awards be stayed pending a new hearing. Section 27–372, supra.

The order here appealed is reversed, and the cases are remanded for new hearings at which time the division and the claimants may present their claims and defenses.

Reversed.