Richard SVOBODA, Jr., Appellant (One of claimants below),

v.

WYOMING STATE TREASURER ex rel. WORKER'S COMPENSATION DIVISION, Appellee (Objector-defendant below).

No. 5112.

Supreme Court of Wyoming.

Aug. 31, 1979.

Harry E. Leimback, Casper, for appellant.

John D. Troughton, Atty. Gen., and Daniel E. White, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to Article 5, Section 5,

ROSE, Justice.

This matter has been here before under the style of *Wyoming State Treasurer ex rel. Worker's Compensation Division v. Svoboda*, Wyo., 573 P.2d 417 (1978), in the following context: Claimants had been receiving compensation awards when the Worker's Compensation Division, on November 19, 1976, filed a petition to reopen pursuant to § 27–372, W.S.1957, 1975 Cum. Supp. [now § 27–12–614, W.S.1977]. The statute provided then, and now, as follows:

"The director may reopen any case in which an order of award has been made. He shall petition for the reopening of the case and file it with the court which granted the award, within thirty (30) days after the date on which he received the order of award. *The petition must show probable cause for error* in the amount of the award, the character of the award, or the grounds on which the award was made, and may specify as a reason for reopening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. *Upon filing of a petition and the court finding that probable cause is shown thereby*, the court shall stay the award, and upon reasonable notice to all parties reopen the case and set the case for a new hearing. The director or state treasurer may take such part in the hearing as he deems advisable and has every right and privilege of a party to the cause. He may appeal to the supreme court any order in the hearing or order refusing to reopen a case." [Emphasis supplied]

The grounds asserted upon which the Division sought reopening are as follows:

" '1. Evidence now available to the Objector-Defendant and not available at the time of the accident tends to indicate probable cause that the original claim is not compensable.

Wyoming Constitution, and Section 5–1–106(f), W.S.1977, by order of this court entered on January 1, 1979.

" '(a) A police report of accident for the time of the injury indicates that Claimants may have been intoxicated. Open cans of beer or alcoholic beverage were found in the vehicle and so indicated on the officer's report.

" '(b) Two witnesses have come forward and indicated that Claimants told them that they were not in the scope of their employment at the time of the accident but were driving from a party to collect more alcoholic beverages for a party.

" '2. Such evidence, if true, would constitute probable cause to reopen this case indicating Claimants were *outside of the scope of their employment* at the time of the accident.' " *Wyoming State Treasurer ex rel. Worker's Compensation Division v. Svoboda*, supra, at 573 P.2d 418. [Emphasis supplied]

We read this petition to say that there is probable cause for error in the grounds upon which the award was made in that the new evidence not available at the time of the accident will show the claimants to have been *outside the scope of their employment* at the time of the accident in that they were either intoxicated or were not in pursuit of the duties of their employment. The grounds relied upon for reopening did not, therefore, even mention culpable negligence—only that the defendants, at the time of the accident, were outside the scope of their employment. Additionally, there was no finding by the court prior to the trial that there was probable cause to believe the claimants were guilty of culpable negligence.

The claimants disputed the right of the Division to reopen under the statute on the ground that new evidence would show the claimants to be outside the scope of their employment, but we said, yes, the petition was timely and the Division had a right to reopen according to the relevant statutes as interpreted by the holdings of this court. In so deciding, we said:

"The petition in question in the instant case alleges the existence of evidence not given at the original hearing, and alleges that the injuries sustained were *outside of the claimants' scope of employment.* The latter assertion was sufficient, under the test announced in *Reed* [*In re Reed*, Wyo., 444 P.2d 329 (1968)], to show probable cause for reopening. . . ." 573 P.2d at 422. [Emphasis supplied]

The matter being reopened, the subsequent trial resulted in judgment for the Worker's Compensation Division and against Richard Svoboda, Jr.

In its decision letter, the court said:

"The State's petition [to reopen] alleges claimants outside scope of employment, and intoxication. *I find neither of these allegations proven.* . . ." [Bracketed matter and emphasis supplied]

The court went on to say, however, that during the course of the trial, evidence was admitted bearing on culpable negligence. We reiterate that neither culpable negligence nor probable cause for believing the claimant to be culpably negligent was asserted as a ground for reopening, and the record discloses no pretrial culpable-neglect probable-cause finding by the court as required by § 27–12–614, W.S.1977. A motion to amend the Division's petition to include culpable negligence as a ground for reopening, which, before the trial started had been withdrawn, was granted *after* argument when all the evidence was in. The court then held the claimant, Richard Svoboda, Jr., to be guilty of culpable neglect in the driving of his vehicle and, since such a showing will defeat a worker's claim under § 27–12–103(a), W.S.1977, the claim was denied.

Judgment was entered consistent with the court's decision letter, and Richard Svoboda, Jr., was ordered to repay to the fund all benefits previously received.

■ The issue for decision here is whether or not, under the scope-of-employment allegations of the petition to reopen, the applicable statutes based upon the statutory probable-cause requirements and the facts elicited, the court was authorized to reach outside the contents of the petition to reopen and deny the award. Perhaps the larger proposition may be more accurately identified as follows:

When a petition to reopen is filed by authority of § 27–12–614, supra, and its probable-cause requirements, are the issues for resolve restricted to those grounds alleged in the petition as authorized by the statute, or may the contested claim be treated as though it were being considered for the first time, all without reference to the dictates of the statute?

We hold that the statute (§ 27–12–614, supra) prescribes a hearing specifically delineated and restricted to the procedure provided for and the grounds contemplated thereby, and that the issues in a reopened hearing must be supported by probable-cause allegations, probable-cause findings, notice, and the proof will be restricted accordingly.

We will reverse.

The statute (§ 27–12–614, W.S.1977) upon which the appellant relies for reversal is substantially the same as Section 7, Chapter 111, Session Laws of 1927[1], under which this court decided *Marsh v. Aljoe*, 41 Wyo. 220, 284 P. 260 (1930).

In *Marsh*, supra, the issue was whether the trial court erred in refusing to reopen upon the State Treasurer's petition supported by affidavit to the effect that new evidence had been discovered which would have precluded or reduced the worker's right to compensation. In the predecessor *Svoboda* case, supra, where we authorized the reopening, we recited the intent of the statute when we quoted from *Marsh* as follows:

" ' . . . But prior to 1927 the Legislature had provided no direct remedy by which the officers of the state might lend their protective hand for such purpose or by which the amount contributed by the state to such fund might be safeguarded by them. Hence, it gave the state treasurer, through the Attorney General, the "right," *upon showing probable cause, to have any case reopened for the purpose of retrial.*

\*    \*    \*    \*    \*    \*

" 'We think that the Legislature contemplated that he should be given the advantage of a regular trial, the same as is given other parties in the case, and meant to make his right thereto, *within the limits mentioned in the law*, as broad as the right of the employer and employee, so as to give the state full measure of protection.' " 573 P.2d at 420. [Emphasis supplied]

We quoted the second paragraph of the above from *Marsh* in *In re Reed*, Wyo., 444 P.2d 329, 331 (1968), as support for our decision to uphold the State's right to reopen.

■ So, it is provided by statute and it has been said in *Marsh* ; *Reed* ; and *Svoboda*, supra, that the State has a *right* to reopen when its petition shows *probable cause* to believe error has been previously committed in

(1) the amount of the award;

(2) the character of the award or

(3) the grounds on which the award was made, and the petition

(4) may specify as a reason for reopening the case, existing evidence not given in the original hearing showing the general nature and effect of such evidence.[2]

■ In this case, as we have noted, the petition to reopen alleges probable cause to

---

1. The referenced section provided:

    "The State Treasurer shall have the right to cause any case to be re-opened in which an order of award has been made, provided he shall cause a petition for the re-opening of the case to be filed with the court which granted the award, within thirty days after the date on which the order of award was received in the State Treasurer's office. Such petition must show probable cause that error was made in the amount of the award or the character of the award or the grounds on which the award was made, and may specify as a reason for re-opening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. On the filing of such a petition and on the court finding that probable cause is shown thereby, the court shall stay the award, and upon reasonable notice to all parties re-open the case and set the same for hearing de novo. . . ."

2. Section 27–12–614, W.S.1977, and § 7, Chapter 111, Session Laws of 1927, parsed.

believe the original claim is not compensable in that there existed evidence in the form of a police report indicating the claimants to have been intoxicated[3] at the time of the accident and at which time the report was not available. It was further alleged that there were witnesses who would, in a reopened hearing, come forward to testify that claimants had told them that at the time of the accident they were not in the scope of their employment. It was upon these allegations that we permitted a reopening.

No matter what happened at the reopened hearing with respect to the proof on these issues, the court found neither the intoxication nor the allegation that claimants were outside the scope of their employment to have been proved. That should have resolved the question. There had been no probable-cause allegation upon the issue of culpable negligence in the petition to reopen and no pretrial probable-cause finding on the issue of culpability as provided for by statute (§ 27–12–614, supra). We did not return this case for a reopened hearing on any but the issues before us as described by the petition for rehearing, a part of which has been previously quoted in this opinion.

There was no amended petition to incorporate the defense of culpable negligence filed by the Worker's Compensation Division. True, the Division sought to amend on the day of the reopened hearing, but when objections were lodged and the court threatened to grant claimants a continuance, the motion was withdrawn and the hearing proceeded on the original petition, absent a culpable-negligence defense. It was after the evidence was in and arguments made that the court reconsidered and granted the Division's motion to amend the petition to include culpable neglect; and it was upon the proof of culpable neglect having to do with the manner that Richard Svoboda, Jr., drove his car that judgment was entered against him. Therefore, this claim was heard in violation of the statutory requirement pertaining to probable-cause allegations, probable-cause findings, and the holdings and directives of *Marsh; Reed*; and *Svoboda*, supra.

The statutory provision pertaining to probable cause is clear and unambiguous. It leaves us no room for construction in that it provides that the petition for rehearing

*"must show probable cause for error."*

It also provides that the court must first make a finding of probable cause, after which notice must be given before the case may be set for a hearing anew.

In *Wyoming State Treasurer v. City of Casper*, Wyo., 551 P.2d 687 (1976), we held that where the language of a statute is plain, unambiguous and conveys a definite meaning, there is no occasion for resorting to rules of statutory construction, and the court has no right to look for and impose another meaning.

There are further clear and convincing reasons why this judgment must be set aside. In worker's compensation matters where culpable neglect is asserted as a defense, assuming the statute (§ 27–12–614, W.S.1977) has been complied with, § 27–12–604, W.S.1977, must be taken into account.[4]

---

**3.** An allegation of intoxication while on the job is another way of saying that the worker, while in such condition, is outside the scope of his employment because, in *Richard v. George Noland Drilling Company*, 79 Wyo. 124, 331 P.2d 836 (1958), we held that an intoxicated worker while physically on the jobsite had abandoned his employment.

**4.** Section 27–12–604, W.S.1977, provides:

"(a) If the employer in his report of the injury alleges that the injury was due solely to the culpable negligence of the injured employee, or that the claim for compensation is one not coming within the provisions of this act [§§ 27–12–101 to 27–12–804], then a jury may be demanded by either party and the cause tried as a court proceeding. If a jury is demanded, it shall be selected from names drawn as in civil cases.

"(b) In contested cases the contestant shall file a petition within ten (10) days following notice to the employee that the employer's report has been filed, stating the reasons for protesting the award and facts upon which the contestant relies and setting forth or attaching as exhibits all of the original papers in the cause which relate to the issues of the contest. The other party shall file an answer within ten (10) days after filing of the peti-

We do not find it necessary to the decision of this appeal to correlate these two statutes, but we do observe that, by reason of the State's entry for protest purposes under § 27–12–614, the claimant may not be deprived of the jury-trial right contemplated by § 27–12–604.

In this case, where the only petition-to-reopen contention is that claimants were outside the scope of their employment in that they were intoxicated and/or they were going to or from a party, it can readily be seen that defense counsel might be comfortable in trying such issues to a court; but, if culpable neglect in the operation of an automobile were the issue, he or she might want a jury to decide these facts. In any event, by reason of the manner in which this matter proceeded through the trial court, there was no opportunity for Richard Svoboda, Jr., to take advantage of his jury-trial rights, as guaranteed to him by § 27–12–604, W.S.1977.

Reversed.

RAPER, Chief Justice, dissenting.

I dissent.

I cannot understand reasoning which defies the direction of § 4, Art. X, Wyoming Constitution authorizing the establishment of a worker's compensation program with payment to injured employees "except in case of injuries due solely to the culpable negligence of the injured employee," § 27–12–102(a)(xii)(C) defining "injury" as excluding "[i]njury due solely to the culpable negligence of the injured employee," and § 27–12–103(a) which excludes employees from the "rights and remedies" of the Wyoming Worker's Compensation Act when "culpably negligent." Culpable negligence of the employee has been proven in this case. He is not entitled to benefits and should not have them. While the Worker's Compensation Act is to be liberally construed, it is not intended to be a give-away scheme to allow compensation under every circumstance. This court has no right to disregard the exceptions to payment.

When the award of compensation was originally granted in this case, the matter was uncontested. The employer consented to the payment of worker's compensation benefits and thus, under the statute, the underlying facts of this case were not exposed to the light of day. When the director of the Worker's Compensation Division became aware of facts which indicated that the appellants were not entitled to benefits under the act [1], he sought to reopen the matter for a plenary rehearing pursuant to § 27–12–614, W.S.1977. The fact that the director did not intervene at an

tion. If the contestant's statement is not filed within ten (10) days the court may dismiss this objection and if the answer is not filed within ten (10) days the court may dismiss the claim.

"(c) Taking evidence shall be summary, giving a full opportunity to all parties to develop the facts. The official court reporter of the court shall attend the hearing and make a stenographic report of the evidence without cost to either party. The district court may appoint an attorney to represent the employee or claimants, and shall allow him a reasonable fee as determined under W.S. 27–367(a) [§ 27–12–609(a)], for his services at the conclusion of the proceeding. The attorney shall be paid according to the order of the court, either by the director or from the amounts awarded to the employee or claimants or from the employer. The employer may appear in person or by counsel and introduce evidence at the hearing. No costs shall be taxed by the clerk except fees for witnesses who may be subpoenaed and who shall be allowed the same fees for attendance and mileage as provided by law in civil actions, jury costs and the costs of depositions introduced into evidence. Depositions taken outside the state in order to be taxed as costs, must have the prior approval of the director unless he is a party to the case. All such costs shall be paid from the general account and not charged to the employer's account if the judgment is in favor of the employer, and from the employer's account if the verdict and judgment is [are] against the employer.

"(d) At the conclusion of the hearing, the judge shall enter an order pursuant to the verdict of the jury. If no jury was called, the judge shall render a decision upon the facts and law of the case pursuant to the provisions of this act, and make an order allowing or disallowing compensation as the law and evidence may warrant."

1. Sections 27–12–101 to 27–12–805, W.S.1977.

earlier stage of the proceeding does not waive his right to reopen § 27–12–608, W.S. 1977. In the earlier appeal in this case,[2] this court determined that the division had made a probable-cause showing sufficient to entitle the division to have the district court grant a new hearing into this matter. The pertinent statutory language is:

" * * * The petition [to reopen] must show probable cause for error in * * * the grounds on which the award was made, and may specify as a reason for reopening the case *existing evidence not given in the original hearing, showing the general nature and effect of such evidence.* Upon filing of a petition and the court finding that probable cause is shown thereby, the court shall stay the award, and upon reasonable notice to all parties reopen the case and set the case for a *new hearing.* * * * " Section 27–12–614, supra. (Bracketed material and emphasis added.)

The statute only requires the director to show the existence of evidence not given in earlier proceedings (whether or not there had been a full-fledged hearing previously) and the *general* effect of that evidence. Here the director did just that and, as a result, was entitled to have the case reopened. The matter was then set for a *new hearing* and the statute sets no limitations on the scope of that hearing. As I see it, the exact scope of that hearing must be established by the pleadings and the evidence presented in accordance with normal rules of civil procedure. See, W.R.C.P., Rule 15(b). In my view, not only is the matter of culpable neglect implicit within the original petition of the director so as to be encompassed by the language "general effect of that evidence" but clearly became an issue early in the new hearing process.

There is no requirement that the new evidence to be introduced eventually turn out to be the same as the ground for reopening. The statute " * * * makes no requirement of the State Treasurer [di-

rector] to show, when he filed his application, that the new evidence is true. * * " The purpose is to "let the truth be determined in a regular hearing. * * * But what is more important is the opportunity to produce his witnesses in open court and to cross-examine the witnesses of the claimant, so that the truth may be fully tested, * * * ." All quotes are from *Marsh v. Aljoe et al.,* 1930, 41 Wyo. 220, 284 P. 260. The material forming a basis for reopening is not etched in granite and the unreasonable burden placed on the State that it's either that or nothing, is not in keeping with my concept of a trial, the purpose of which is to determine the true facts and grant relief accordingly. This is within the spirit of Rule 15, W.R.C.P. When issues not raised by the pleadings—and I consider the application no more than a pleading in line with *Marsh v. Aljoe,* supra—are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. *Jankovsky v. Halladay Motors,* Wyo.1971, 482 P.2d 129; *Title Guaranty Co. of Wyoming v. Midland Mortgage Co.,* Wyo.1969, 451 P.2d 798. Proceedings held in court under the Worker's Compensation Act are governed by the Wyoming Rules of Civil Procedure. Section 27–12–607, W.S.1977.

Moreover, no objection was made at the new hearing to the effect that the matters therein presented by the director were not within the probable-cause finding on the trial court when he granted the reopening. As I see it, that issue is raised for the first time on appeal and I would not consider it in determining this case. *Schaefer v. Lampert Lumber Co.,* Wyo.1979, 591 P.2d 1225, 1227. Though the Worker's Compensation Act is to be liberally construed, the supreme court will not disregard principles of appellate practice in so doing. *In re Corey,* 1948, 65 Wyo. 301, 200 P.2d 333.

Finally, the appellant acquiesced in the introduction of all evidence presented at the new hearing and had full opportunity to

---

**2.** *Wyo. State Treasurer ex rel. Worker's Compensation Division v. Svoboda,* Wyo.1978, 573 P.2d 417.

cross-examine witnesses for the director and to present whatever evidence they so desired. The evidence is sufficient to sustain the trial court's findings that the injuries were the result of the appellant Richard Svoboda's culpable negligence, and we are not at liberty to substitute our judgment for his at this stage of the proceedings. *Diamond Management Corp. v. Empire Gas Corp.*, Wyo.1979, 594 P.2d 964; *Kvenild v. Lavoie*, Wyo.1979, 594 P.2d 972; *True v. Hi-Plains Elevator Machinery*, Wyo. 1978, 577 P.2d 991.

I would have affirmed the judgment of the district court in all respects.