PACIFIC POWER AND LIGHT, Appellant (Employer/Defendant),

v.

Ray L. PARSONS, Appellee (Employee/Plaintiff).

The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Petitioner),

Pacific Power and Light, (Employer/Defendant),

v.

Ray L. PARSONS, Appellee (Employee/Claimant).

Nos. 84–64, 84–102.

Supreme Court of Wyoming.

Dec. 11, 1984.

Patrick J. Murphy of Williams, Porter, Day & Neville, Casper, for appellant Pacific Power and Light.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellant Wyoming Worker's Compensation Division.

Robert L. Bath of Bath & Tyler, Rock Springs, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

The trial court awarded appellee, Ray L. Parsons, temporary total disability compensation although it was shown that he did some work and received some earnings during the period of time he claimed temporary total disability. Appellant Pacific Power and Light (hereinafter PP & L), the employer, appeals the compensation award order. Appellant, State of Wyoming, ex rel. Wyoming Worker's Compensation Division (hereinafter Worker's Compensation Division), appeals the trial court's order denying its petition to reopen appellee's compensation claim. We will affirm both orders.

Appellee Parsons twisted his ankle while walking down a flight of stairs at PP & L's Jim Bridger plant, and aggravated a preexisting injury. Reconstructive surgery was performed on Parsons' right ankle, June 8, 1983, and he was discharged from the hospital June 13, 1983. Parsons returned to work at the Jim Bridger plant on November 28, 1983, upon being released for regular duty by his physician. It is not disputed that during a six-week period in the summer of 1983 appellee worked eight to ten hours a day in a sod and landscaping business owned by him and his wife. During this time Parsons laid sod and drove a tractor.

PP & L filed objections to the award of worker's compensation benefits. The only part of the court's order awarding benefits that PP & L appeals is that of temporary total disability. PP & L contends that because of Parsons' work and money earned in the summer of 1983 it is clear that he was "not incapacitated from performing work at a gainful occupation for which he was suited by experience and training, and

during which his earning capacity was substantially ·restored."

After a hearing on PP & L's objections to the award, the trial court entered its order dated February 16, 1984, providing in part:

"That Ray L. Parsons is entitled to receive Worker's Compensation disability benefits from June 6, 1983, when he entered the hospital, until November 28, 1983, minus a six week period when he engaged in the operation of a sod and landscaping business owned by him under the name of D & R Contracting, together with the payment of all medical and hospital expenses related to said matter."

Appellant Worker's Compensation Division petitioned the trial court to reopen appellee's compensation case. The petition was denied, and appellant appeals that order. The appeal of Worker's Compensation Division and the appeal of PP & L were consolidated for disposition in this court.

## I

The purpose of temporary disability compensation is to provide income for an employee during the time of healing from his injury and ·until his condition has stabilized. We have said that the worker's compensation law is to be liberally and reasonably construed so that the industry, not the worker, will bear the burden of injuries suffered. *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219 (1977); and *Pease v. Pacific Power and Light Company*, Wyo., 453 P.2d 887 (1969). This policy, however, has limitations, and we are not free under the guise of statutory construction to extend the intended coverage. *Matter of Van Matre*, Wyo., 657 P.2d 815 (1983); and *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982).

Appellants contend that § 27–12–402, W.S.1977, does not authorize temporary total disability benefits under the facts of this case. The statute provides in part:

"(a) Temporary total disability means a compensable injury which temporarily incapacitates the employee from performing any work at any gainful occupation for which he is reasonably suited by experience or training for the time, but from which he may be able to resume work. * * *

"(b) * * * As soon as the recovery is so complete that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training, is substantially restored, the payment shall cease. * * * "

We have not had an occasion to address the effect of a compensation claimant working and earning money during the time he was medically determined to be temporarily totally disabled. Authority from other states is only marginally helpful because their worker's compensation schemes are different.

In *Entwistle Company v. Wilkins*, Utah, 626 P.2d 495 (1981), an injured claimant worked in the business he and his son owned during a period when he claimed temporary, total disability compensation. The work the employee performed in the family business was substantially the same type of work he had done for his employer. In upholding the award of temporary, total disability compensation, the Utah court said:

" * * * '[T]otal disability' does not mean a state of abject helplessness or that the injured employee must be unable to do any work at all. The fact that an injured employee may be able to do some kinds of tasks to earn occasional wages does not necessarily preclude a finding of total disability to perform the work or follow the occupation in which he was injured. * * *

" * * * The fact that he did not remain completely idle, but spent some time in helping with the family business is not inconsistent with the finding that his injury temporarily prevented him from performing his usual line of work. * * * " Id., at p. 498.

There may be times during the recuperative period when an injured employee can be employed without terminating the recov-

ery period. *Speigner v. McGhee*, 55 Ala. App. 384, 316 So.2d 215 (1975).

In addressing earning capacity, generally, Professor Larson says:

"It is uniformly held, therefore, without regard to statutory variations in the phrasing of the test, that a finding of disability may stand even when there is evidence of some actual post-injury earnings equaling or exceeding those received before the accident. The position may be best summarized by saying that actual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. * * * " 2 Larson, Workmen's Compensation Law, § 57.21, p. 10–79, et seq. (1983).

"The determination whether the period of temporary total disability has ended may also involve nonmedical facts touching claimant's employment situation. The disability period is not automatically terminated merely because claimant obtains some employment if maximum recovery had not been achieved at the time. * * * " 2 Larson, Workmen's Compensation Law, § 57.12, p. 10–17, et seq. (1983).

▇▇▇ Some occasional work and attempts to get work, during the healing period, do not justify denying temporary total benefits. Also, if a claimant is unable to perform remunerative work with reasonable consistency, without pain and discomfort, temporary disability is deemed total. *Pyles v. Triple F. Feeds of Texas, Inc.*, 270 Ark.App. 729, 606 S.W.2d 146 (1980). The worker's compensation law should not, and does not encourage indolence by requiring that a worker be completely idle in order to remain eligible for temporary total disability compensation. If a person has enough

ambition to try to work when he is disabled he should not automatically be deemed to have recovered from his disability. One person may be willing to work with pain and disability and another may not. Some workers try to obtain as much worker's compensation as they can get; yet, others go back to work as soon as they can, or before they should. Each case and each worker is different.

▇▇▇ The extent and duration of an employee's disability are questions of fact to be determined by the trial court. This court reviews the evidence in the light most favorable to the trial court's findings, and when there is substantial evidence to support the facts found by the court, its order is not to be disturbed. *Diamond Management Corporation v. Empire Gas Corporation*, Wyo., 594 P.2d 964 (1979).

▇▇▇ In the case before us the trial court had ample evidence to support its determination. Appellee's physician did not release him for regular duty until November 28, 1983. His work in the sod and landscaping business was for a short period of time. During that time he had limitations; he did not have to lift anything heavy, and he crawled to lay the sod. There is some vague testimony that appellee worked times other than the six weeks in the sod and landscaping business. However, there is no evidence that he received any compensation for this work.

Appellants rely heavily on the fact that for six weeks appellee earned some money and conclude from that that his earning power had been restored.[1] Standing alone, earning some money is not sufficient to show that earning power has been restored. The trial court disallowed appellee compensation for the time he worked in the sod and landscaping business. We make no determination whether or not the court should have disallowed compensation for this period as Parsons did not appeal the disallowance.

---

1. Appellee received some remuneration while working the family business, but overall, suffered a substantial loss. Whether this unsuccessful venture was because of appellee's disability, inexperience, management or otherwise, we do not know. It is immaterial to the determination of this case.

■ We hold that doing some work and earning some money during a period of temporary total disability does not automatically disqualify a worker from receiving disability benefits.

## II

Appellant Worker's Compensation Division appealed the court's order which denied reopening Parson's compensation award. Worker's Compensation Division contends that it is entitled to reopen the case to: a) present evidence not given at the original hearing, and b) have the court reconsider evidence produced at the original hearing. The state summarized the petition to reopen, alleging:

"1. That Appellee-Claimant was not temporarily totally disabled during any of the time period of July 8, 1983 through November 28, 1983, and that there existed evidence not given at the original hearing which establishes this fact;

"2. That by submitting claims for temporary total disability benefits while in fact not so disabled, Appellee-Claimant committed a fraud upon the Court, the Clerk of the District Court, the Employer-Defendant, and the Appellant-Petitioner * * *.

"3. That in the alternative, Appellee-Claimant was guilty of persisting in an unsanitary or injurious practice which tended to imperil or retard his recovery and that there existed evidence not given at the original hearing which establishes this fact."

Section 27–12–614, W.S. 1977 (June 1983 Replacement), provides:

"The director may reopen any case in which an order of award has been made. He shall petition for the reopening of the case and file it with the court which granted the award within thirty (30) days after the date on which he received the order of award. The petition must show probable cause for error in the amount of the award, the character of the award, or the grounds on which the award was made, and may specify as a reason for reopening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. Upon filing of a petition and the court finding that probable cause is shown thereby, the court shall stay the award, and upon reasonable notice to all parties reopen the case and set the case for a new hearing. The director or state treasurer may take such part in the hearing as he deems advisable and has every right and privilege of a party to the cause. * * * "

In support of its petition to reopen, appellant relies on *Wyoming State Treasurer ex rel. Worker's Compensation Division v. Svoboda*, Wyo., 573 P.2d 417 (1978); *In re Reed,* Wyo., 444 P.2d 329 (1968); and *Marsh v. Aljoe*, 41 Wyo. 220, 284 P. 260 (1930). In *Svoboda* a temporary total disability award was entered after an informal hearing, there being no objection to the claim by the employer. Follow-up claims were filed and certified, also without employer objection. After numerous awards were made, the Worker's Compensation Division petitioned to reopen the case alleging in its petition, "Evidence now available to the objector-defendant and not available at the time of the accident. * * * " (Worker's Compensation Division meant at the time of the award rather than "at the time of the accident.") The trial court ruled that probable cause to reopen had not been shown, and this court reversed and permitted the case to be reopened.

The *Svoboda* case can be distinguished from the case before us, because in the instant case the director of Worker's Compensation Division was advised in advance of the time and place of trial and was in attendance.[2] Here, the petition to reopen

2. "The director or his designee may for any reason appear in the district court and defend against any claim and shall in all respects have the same rights of defense as the employer. Failure to contest a claim does not constitute waiver by the director of his right to reopen an award where he does not appear and defend at the original trial." Section 27–12–608, W.S.1977 (June 1983 Replacement).

did not allege, as was done in *Svoboda,* that evidence was now available to the objector-defendant which was not available at the time of the award. In the cases of *In re Reed,* supra, and *Marsh v. Aljoe,* supra, we do not know details concerning the knowledge or participation of Worker's Compensation Division in the first hearing, nor do we know if the evidence not given at the original hearing was available at that time. *Marsh* and *Reed* are factually different from the case before us.

Worker's Compensation Division does not contend that it was unaware of the issues before the court at the original hearing, nor does it contend it was unaware of the evidence that it now wishes to present to the court. Furthermore, Worker's Compensation Division has not asserted that it was in any way prohibited from presenting evidence or argument that it deemed appropriate at the original hearing.

 We do not believe the scheme for Worker's Compensation Division's participation contemplates that the employer, with Worker's Compensation Division's knowledge, proceed with one trial and present only part of the evidence, and if unsuccessful Worker's Compensation Division then enter the case with the rest of the evidence and have a second trial. We do not know why the evidence now proposed by Worker's Compensation Division was not offered in the first trial. We believe that Worker's Compensation Division had a duty to explain this to the trial court.

Worker's Compensation Division also asks this court to reconsider the evidence presented at the original hearing and make a different determination. We held in part one of this opinion that there was ample evidence to support the trial court's ruling. Granted, reasonable minds might draw different conclusions from the evidence presented. We find that the trial court's conclusions are supported by the evidence, are rational and not contrary to the great weight of the evidence. See *Severin v. Hayes,* Wyo., 372 P.2d 1017 (1962).

We affirm both the trial court's order awarding compensation and the order denying petition to reopen.

THOMAS, Justice, concurring in part and dissenting in part.

I concur with the views of the majority in Case No. 84–64, *Pacific Power and Light v. Parsons.* On the basis of the record presented in that case that result is correct and proper.

While in a sense my views with respect to Case No. 84–102, *State ex rel. Worker's Compensation Division v. Parsons,* may be perceived as antithetical to my joining in the affirmance in Case No. 84–64, I am compelled to dissent from the majority's affirmance in this latter case.

The Petition to Reopen, which was filed by the State of Wyoming, alleges:

"COUNT ONE

"1. That evidence not given at the original January 26, 1984 hearing tends to indicate that Employee-Claimant was not temporarily totally disabled pursuant to Section 27–12–402, W.S.1977, during the entire time period of July 8, 1983 through November 28, 1983.

"2. That more specifically, evidence not given at the original hearing establishes that Employee-Claimant actually performed work for pecuniary gain during the months of September and October of 1983;

"3. That additionally, evidence given at the January 26, 1984 hearing tended to establish that Employee-Claimant performed work during 'a six week period' to such an extent to indicate a substantial restoration of Employee-Claimant's earning power at a gainful occupation;

"4. That as a result of the above allegations, if taken as true, there exists probable cause for error in both the amount of the February 16, 1984 award and the grounds upon which such award was made.

"COUNT TWO

"5. That Petitioner hereby realleges and incorporates any and all allegations contained in COUNT ONE for the purposes of this second count;

"6. That the pleadings filed in this matter indicate that Employee-Claimant had applied for temporary total disability benefits, pursuant to Section 27–12–402, W.S.1977, for the entire period of May 27, 1983 through November 30, 1983;

"7. That by his own testimony, Employee-Claimant felt he was able to, and in fact did, work at his landscaping business up to 10–12 hours a day, for approximately six weeks during the period for which he applied for temporary total disability benefits;

"8. That such actions were both an attempted and constructive fraud upon this Court, the Clerk of the District Court for Sweetwater County, the Employer-Defendant, and the Wyoming Worker's Compensation Division, such that Employee-Claimant should be denied benefits pursuant to Section 27–12–606, W.S. 1977;

"9. That as a result of the above allegations, if taken as true, there exists probable cause for error in the character of the February 16, 1984 award.

"COUNT THREE

"10. That Petitioner hereby realleges and incorporates any and all allegations contained in both COUNT ONE and COUNT TWO, for the purposes of this alternative third count;

"11. That should this Court uphold the temporary total award granted, there exists evidence not given at the original hearing which tends to indicate that Employee-Claimant was guilty of persisting in an unsanitary or injurious practice which tended to imperil or retard his recovery; more specifically, that Employee-Claimant's work performed during both the 'six week period' and September and October of 1983, was in direct contravention and violation of his treating physician's order to abstain from work activities;

"12. That such practices are injurious pursuant to Section 27–12–412, W.S.1977, and as such are grounds for a forfeiture by Employee-Claimant of any and all rights to Wyoming worker's compensation benefits;

"13. That as a result of the above allegations, if taken as true, there exists probable cause for error in both the amount of the award and the character of the award."

The order of the district court recites that it considered the Petition to Reopen and was aware of the testimony and evidence presented in the case and the argument of counsel on the record which covered the issues set forth in the Petition to Reopen. It indicated that it perceived the Petition to Reopen as an appeal by the employer-defendant and ordered that the Petition to Reopen be denied. This order appears to have been entered without a separate hearing on the Petition to Reopen, and consequently the allegations of the petition, for purposes of review, must be accepted as true.

Section 27–12–614, W.S.1977 (June 1983 Replacement), quoted in the majority opinion, provides that:

" * * * The petition must show probable cause for error in the amount of the award, the character of the award, or the grounds on which the award was made, and may specify as a reason for reopening the case existing evidence not given in the original hearing, showing the general nature and effect of such evidence. * * * "

While the majority opinion asserts that the Wyoming precedents construing this statute, *Wyoming State Treasurer ex rel. Worker's Compensation Division v. Svoboda*, Wyo., 573 P.2d 417 (1978); *In re Reed*, Wyo., 444 P.2d 329 (1968); and *Marsh v. Aljoe*, 41 Wyo. 220, 284 P. 260, 261 (1930), are distinguishable, I do not perceive them as being substantially distinguishable from this case.

In my judgment the allegations of the Petition to Reopen would be sufficient to demonstrate probable cause under the ratio decidendi of the cited Wyoming cases. It is noted that the order of the district court does not purport to determine the question of probable cause. It relies upon a factor, "the same being on appeal by the Employer-Defendant," which is not material in the application of the statute. The same may be said of the majority opinion, which relies upon the presence of the Director of the Worker's Compensation Division at the initial trial; suggests a requirement that the evidence sought to be injected was not available at the time of the original hearing; a requirement that the Worker's Compensation Division demonstrate it was unaware of the issues before the court at the initial hearing; and specifically suggests a construction of the statutory scheme antithetical to that adopted by this court in *Marsh v. Aljoe*, supra. These are factors which are not material to the application of the statute. In my judgment the ruling of the district court is erroneous in the light of the stated Wyoming precedents, and must be reversed.

If the rationalization for the majority opinion is to stand, then this court should disavow and overrule the precedents which have construed the statute. I do not find that such action would be justifiable because it would have the effect, as pointed out in *Marsh v. Aljoe*, supra, of neutralizing the statute. Justice Blume, in writing for the court in *Marsh v. Aljoe*, supra, correctly noted the unique nature of the statute, the substantial interest of the State of Wyoming in such litigation, and commented upon the "right" of the State to have the case reopened.

I am sure there exists an argument that the reopening of this case is an exercise in futility. I concede that possibility but I must point out that in the absence of a hearing, and perhaps even in the absence of reopening the case to receive evidence, no one can be assured that a further proceeding would be an exercise in futility. At this juncture the allegations of the State of Wyoming manifest probable cause under our precedents, and the action of the district court in dismissing the petition without a hearing must be regarded as error. I would reverse in Case No. 84–102.