Loraine LEONARD,
Appellant (Plaintiff),

v.

McDONALDS OF JACKSON HOLE,
Appellee (Defendant).

No. 87–175.

Supreme Court of Wyoming.

Dec. 15, 1987.

William R. Fix, Jackson, for appellant.

David K. Larson of Mullikin, Larson & Swift, Jackson, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

The fundamental question in this case is whether the evidence supports the trial court's determination that plaintiff Loraine Leonard (appellant herein) was not entitled to temporary total disability worker's compensation benefits.

We affirm.

Plaintiff presents the issues as follows:
"I. DID THE DISTRICT COURT MISAPPLY THE BURDEN OF PROOF IN NOT REQUIRING THE EMPLOYER TO PROVE THAT THE JOB HE OFFERED WAS SUITABLE WORK GIVEN THE REDUCED CAPABILITIES OF THE INJURED WORKER?
"II. DID THE DISTRICT COURT ERR IN CONSIDERING THE PLAINTIFF'S DELAY IN SEEKING MEDICAL ATTENTION IN MAKING ITS DECISION TO DENY BENEFITS?
"III. DID THE DISTRICT COURT WRONGLY CONSIDER EMPLOYEE'S PART–TIME WORK IN DENYING TEMPORARY TOTAL DISABILITY BENEFITS?"

Plaintiff was injured on October 25, 1986, while performing her duties as night manager for defendant McDonalds of Jackson Hole (appellee herein) when a 30–pound box of meat fell on her right shoulder. Defendant paid plaintiff's medical bills but protested her claim for temporary total disability; i.e., her claim for wages. A hearing was held in district court, and plaintiff's claim for benefits was denied on the basis of findings that plaintiff was offered a job by defendant which would not require the use of her right arm, that in fact she could perform this job with her arm in a sling, and that she quit her job the same day this position was offered. In addition, the district court noted that plaintiff did not seek medical attention until 33 days after the accident had occurred and that, during the time in question, plaintiff worked at the Town of Jackson Animal Shelter where her duties included cleaning the cages and premises and maneuvering the animals in and out of cages.

Recently, in *State ex rel. Worker's Compensation Division v. Lewis*, Wyo., 739 P.2d 1225 (1987), we explained the standard of review we apply when a question of sufficiency of the evidence is presented. We stated:

"The extent and degree of disability are questions of fact for the trial court. In reviewing the sufficiency of the evidence to support findings of fact by the trial court, this court will examine only the evidence favorable to the prevailing party and give to it every favorable inference. When examined under this standard, if there is substantial evidence to support the factual findings by the trial court, its order will not be disturbed." Id. at 1226 (citations omitted).

Temporary total disability was defined in § 27–12–402(a), W.S.1977,[1] which provided in pertinent part:

"Temporary total disability means a compensable injury which temporarily incapacitates the employee from performing any work at any gainful occupation for which he is reasonably suited by experience or training for the time, but from which he may be able to resume work."

Plaintiff was examined by three physicians, although only Dr. Hayse, a general practitioner, testified. Relying on the description he received from plaintiff of the tasks she was required to perform in her employment with defendant, Dr. Hayse directed her to not return to work. However, Dr. Hayse testified that his decision in this regard would have been different if plaintiff's employment had not involved any significant use of her right arm. Alternatively, Dr. Hayse did not prohibit plaintiff from continuing her part-time employment at the animal shelter because the description of her work did not include any

---

1. This section was repealed in the 1986 Special Session and recreated as § 27–14–102(a)(xviii), W.S.1977, effective July 1, 1987.

significant usage of the right arm. In this respect, Dr. Hayse testified:

"I did indicate to her that she could continue essentially doing whatever she liked as long as she was not using the right shoulder to any significant extent."

Additionally, during cross-examination of Dr. Hayse, this exchange occurred:

"Q. Would it be fair then to characterize your position as that she was not totally disabled but rather was in a position where she could not pursue any employment which caused any substantial use of her right arm?

"A. Yeah, that's correct."

Dr. Hayse determined that plaintiff's injured shoulder was not improving, and he referred her to Dr. Cunningham, an orthopedic specialist. She subsequently was referred to another orthopedic specialist, Dr. Lambert. Upon her first visit to Dr. Cunningham, plaintiff received a note from him directing her to not return to work. That same day, she presented the note to Bob Jaycox, the owner-operator of defendant. With plaintiff's permission, Mr. Jaycox telephoned Dr. Cunningham to inquire as to her condition. Subsequent to this conversation, Mr. Jaycox offered to allow plaintiff to return to work in her management position with her arm in a sling or strapped to her side, or however she and her doctor felt was necessary. Mr. Jaycox testified that defendant already had a one-armed person employed and that plaintiff could function on the job with one arm. Plaintiff quit her job with defendant that same day.

We hold that the trial court could reasonably find from the above recited evidence that plaintiff was not temporarily incapacitated from performing any work at any gainful occupation for which she was reasonably suited by experience or training.

While conceding that, in a worker's compensation case, the claimant has the burden of proof on the essential elements of the claim by a preponderance of the evidence, *Potter v. RMT Properties, Inc.*, Wyo., 715 P.2d 214 (1986), plaintiff contends that defendant, as employer, had the burden of proving the job offered was one which was suitable and one which plaintiff could perform. In response to this argument, we would first observe that this burden was sustained, particularly by the testimony that defendant presently employed a one-armed person. We do not agree, however, that this burden had shifted to defendant.

■ The shift in the burden of proof to which plaintiff refers arises under the "odd-lot doctrine" in permanent total disability cases. See generally 2 Larson, Workmen's Compensation Law § 57.51 (1987). The "odd-lot doctrine" provides in a case of permanent total disability that:

"[T]otal disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market." Id., § 57.51(a) at 10-164.68.

In *Cardin v. Morrison–Knudsen*, Wyo., 603 P.2d 862, 863 (1979), we said:

"It is, of course, the burden of the worker to prove that he is so handicapped that he is not capable of employment in any well-known branch of the labor market before the 'odd-lot doctrine' * * * will be applicable."

In *Schepanovich v. United States Steel Corporation*, Wyo., 669 P.2d 522 (1983), we adopted the rule set out in 2 Larson, supra, § 57.61(d) at 10-208-09, which states in part:

"If the claimant's medical impairment is so limited or specialized in nature that he is not obviously unemployable or relegated to the odd-lot category, it is not unreasonable to place the burden of proof on him to establish unavailability of work to a person in his circumstances, which normally would require a showing that he has made reasonable efforts to secure suitable employment."

The shifting of the burden of proof under the "odd-lot doctrine" as to the suitability of offered employment, therefore, is inapplicable in a case such as this where the employee has failed to prove she is so handicapped as to be unemployable in a well-known branch of the labor market. Another rule, also formulated in 2 Larson,

supra, § 57.66 at 10–293, however, is relevant to this case:

"Whenever claimant's case depends in part on a showing that he was unable to get work because of his physical condition, it naturally follows that, as in Unemployment Compensation cases, the employer may defend on the ground that claimant has refused suitable work."

Plaintiff further argues that the district court erred in considering (1) her delay in seeking medical attention, and (2) her part-time employment at the animal control facility. We observe that, in the order denying benefits, the district court specifically made findings regarding only the offer of employment which would not require the use of plaintiff's right arm and the fact that plaintiff immediately quit her job. These findings were sufficient and are dispositive for purposes of this appeal. The district court only noted in his order the delay in seeking treatment and the part-time employment. These latter two facts were not findings upon which the decision was founded.

Our review of the record demonstrates that there is sufficient evidence to sustain the trial court's determination that plaintiff was not incapacitated from performing any work at any gainful occupation for which she was reasonably suited by experience or training.

Affirmed.