802 P.2d 865 (1990)
STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Objector-Defendant),
v.
Johan A. OHNSTAD, Appellee (Employee-Claimant).
No. 90-94.
Supreme Court of Wyoming.
December 10, 1990.
*866 Joseph B. Meyer, Atty. Gen., and Larry M. Donovan, Sr. Asst. Atty. Gen., for appellant.
Eric A. Easton, Casper, for appellee.
Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.
MACY, Justice.
Appellant State of Wyoming ex rel. Wyoming Workers' Compensation Division appeals from a decision by the district court, affirming the grant of temporary total disability benefits to Appellee Johan Ohnstad. The court stated that Ohnstad's act of supplementing his temporary total disability award by working as a counselor was permissible under Pacific Power and Light v. Parsons, 692 P.2d 226 (Wyo. 1984).
We affirm.
The Workers' Compensation Division submits the following issues:
I. Did the administrative hearing officer err by awarding temporary total disability benefits to an individual who was working while receiving those benefits?
II. Should the case of Pacific Power & Light v. Parsons, 692 P.2d 226 (1984), be reversed?
Ohnstad injured his back on November 1, 1988, while he was working for Rainbow Carpet Dyeing & Cleaning Co. As a result of the injury, Ohnstad was unable to perform heavy labor. He had been employed to perform heavy labor since his graduation from high school in 1972. In January 1989, Ohnstad began working as a counselor for the Central Wyoming Counseling New Directions Program. The position with the New Directions Program required that Ohnstad: (1) be twenty-five years of age or older; (2) be a high school graduate; and (3) preferably have some experience with alcohol or drug abuse. Ohnstad earned four dollars per hour while he was working as a counselor. He was not required to perform heavy labor, and he could sit, stand, or lie down as was necessary. Ohnstad worked for the New Directions Program until May 12, 1989.
Ohnstad applied for temporary total disability benefits for January, February, and March of 1989 and was awarded benefits in the amount of $660.82 per month. He also applied to receive such benefits for April, May, June, and July of 1989. The Workers' Compensation Division and Rainbow Carpet Dyeing & Cleaning Co. objected to Ohnstad's second request, and the matter was referred to a hearing examiner pursuant to Wyo. Stat. § 27-14-602 (1977).[1]
The hearing examiner conducted a hearing and concluded that: Ohnstad had no substantial "restitution" of his preinjury earning capacity; Ohnstad did not have previous training or experience for his duties with the New Directions Program; the job with the New Directions Program did not interfere with his recovery; and Ohnstad sought employment with the New Directions Program to obtain experience for future employment and to supplement his disability award. The hearing examiner also concluded that under Parsons the sole fact that an employee receives earnings is an insufficient basis for denying temporary total disability benefits. The hearing examiner ordered the Workers' Compensation Division to pay temporary total disability *867 benefits to Ohnstad for the period of April 1, 1989, through the date of the order, August 14, 1989. The Workers' Compensation Division filed a petition for review with the district court, and the district court affirmed the hearing examiner's decision on the basis of Parsons.
Our review of a decision by the office of independent hearing examiners is governed by the Wyoming Administrative Procedure Act. Section 27-14-602(b). Wyo. Stat. § 16-3-114(c) (1977) of that act provides:
To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
(i) Compel agency action unlawfully withheld or unreasonably delayed; and
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
The Workers' Compensation Division contends that Ohnstad is not entitled to temporary total disability benefits, because Ohnstad's claim did not meet the requirements of Wyo. Stat. § 27-14-404 (1977). At the time of Ohnstad's injury, § 27-14-404(a)[2] stated:
If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. XX-XX-XXX(a)(xviii), the injured employee is entitled to receive a monthly temporary total disability award for the period of temporary total disability as provided by W.S. XX-XX-XXX(c).
Wyo. Stat. § 27-14-102(a)(xviii) (1977) defines a temporary total disability as
that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he is reasonably suited by experience or training. The period of temporary total disability terminates at the time the employee completely recovers or qualifies for benefits under W.S. XX-XX-XXX or XX-XX-XXX[.]
Section 27-14-404(c) provides:

Payment under subsection (a) of this section shall cease if:

(i) Recovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored; or
(ii) The employee has an ascertainable loss and qualifies for benefits under W.S. XX-XX-XXX or XX-XX-XXX.
(Emphasis added.) The purpose of awarding temporary total disability benefits is to provide income for an injured employee while he or she recovers. Parsons, 692 P.2d 226. The provisions dealing with temporary total disability benefits, when read together, indicate that the legislature intended for workers who are temporarily injured to be compensated until their earning power is substantially restored. Paravecchio v. Memorial Hospital of Laramie County, 742 P.2d 1276 (Wyo. 1987), cert. denied 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988) (holding that we should read statutes relating to the same subject matter together to effectuate the legislature's intent).
*868 The Workers' Compensation Division argues that the hearing examiner erred by concluding that Ohnstad was not reasonably suited by experience or training for his job as a counselor for the New Directions Program and that Ohnstad's earning power was not substantially restored. We must examine the record and determine whether it is sufficient to "permit a court to follow the [hearing examiner's] reasoning from the evidentiary facts on record to [the] eventual legal conclusions." Jackson v. State ex rel. Wyoming Workers' Compensation Division, 786 P.2d 874, 878 (Wyo. 1990). We accomplish that task by ascertaining if there is "`such relevant evidence as reasonable minds would accept as adequate to support a conclusion.'" Employment Security Commission of Wyoming v. Western Gas Processors, Ltd., 786 P.2d 866, 870 (Wyo. 1990) (quoting Southwest Wyoming Rehabilitation Center v. Employment Security Commission of Wyoming, 781 P.2d 918, 921 (Wyo. 1989)).
Regardless of whether Ohnstad was reasonably suited by experience or training for the counseling position because he was (1) twenty-five years of age or older, (2) a high school graduate, and (3) experienced with alcohol or drug abuse, the record indicates that Ohnstad's earning power decreased dramatically after he injured his back and that his earning power was not substantially restored. Ohnstad earned approximately $1,200 per month before he was injured and four dollars per hour while he was working for the New Directions Program. At four dollars per hour, the most Ohnstad earned during one month of employment with the New Directions Program was less than $600.[3] Hence, we hold the evidence is adequate to support the hearing examiner's conclusion that Ohnstad's claim met the statutory requirements for receipt of temporary total disability benefits.
The Workers' Compensation Division also contends that under Parsons Ohnstad is not entitled to receive temporary total disability benefits, because he worked for the New Directions Program during the period he claimed to be disabled, or, in the alternative, that Parsons should be overruled. In Parsons, an employee was granted temporary total disability benefits despite the fact he worked in his sod and landscaping business during the period he was disabled. The employee worked in his business for six weeks during the five-and-one-half-month period he was unable to work for Pacific Power and Light, and he received temporary total disability benefits for the five-and-one-half-month period, minus six weeks. This Court affirmed the grant of benefits and stated that "doing some work and earning some money during a period of temporary total disability does not automatically disqualify a worker from receiving disability benefits." Parsons, 692 P.2d at 230. The Court explained:
The worker's compensation law should not, and does not encourage indolence by requiring that a worker be completely idle in order to remain eligible for temporary total disability compensation.
Id. at 229. The employee did not appeal the trial court's decision not to grant benefits to him for the period he worked in his sod and landscaping business, and this Court made no determination as to whether the trial court should have disallowed compensation for that period.
We refuse to overrule Parsons and proceed from where that decision left off. We hold that Ohnstad is entitled to receive temporary total disability benefits for the period he worked as a counselor for the New Directions Program. The record indicates that Ohnstad met the requirements for temporary total disability benefits prescribed in § 27-14-404. Ohnstad's employment with the New Directions Program does not justify carving out an exception to the criteria created by the legislature.
Affirmed.
CARDINE, J., filed a concurring opinion.
*869 CARDINE, Justice, concurring.
While the majority opinion satisfactorily resolves this case, it leaves this area of law in a state of uncertainty. I would prefer some guideline for future cases for determining when "earning power" is substantially restored.
Ohnstad never worked full time at his counseling job. He earned substantially less than he would have at his pre-injury job. The majority states that fact is dispositive. Why is it dispositive? Is it because he worked less than full time; because he worked just a few months; because he earned less than his pay at the time of injury? If so, at what point in his working while drawing temporary total disability can we say his "earning power" has been restored?
I agree with a policy that encourages injured employees to return to work. Still, a need exists for ground rules to determine when the worker's entitlement to temporary total disability payments ceases. This issue has been answered for too long on an ad hoc basis. Perhaps the court is reluctant to set guidelines or perhaps it is unable to determine what they ought to be. If that is the problem, then clearly this type of decision more appropriately should be left to the legislature.
NOTES
[1] The parties stipulated that, pursuant to W.R.A.P. 4.03, the findings of fact, conclusions of law, and order submitted by the hearing examiner constituted the statement of evidence.
[2] Amended effective July 1, 1989.
[3] While we recognize that actual earnings is not the only method for comparing an individual's pre- and post-injury earning power, see Spera v. State ex rel. Wyoming Worker's Compensation Division, 713 P.2d 1155, 54 A.L.R. 4th 231 (Wyo. 1986), and Parsons, 692 P.2d 226, the comparison is dispositive in this case.