**James E. SIMS, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).**

No. 93–175.

Supreme Court of Wyoming.

April 22, 1994.

Donald L. Painter, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Kenneth E. Spurrier, Asst. Atty. Gen., and W. Thomas Sullins II, Sp. Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant James E. Sims appeals from the district court's order affirming the hearing examiner's decision to deny Sims's application for temporary total disability worker's compensation benefits.

We affirm.

Sims presents the following issue on appeal:

> 1. Whether Employee–Claimant's earning capacity was ever restored following a compens[a]ble injury.

Sims was employed as a welder for Salt Creek Welding, Inc. He was carrying a load of wood while he was at work on November 20, 1991, when he slipped and fell on some ice. He injured his back as a result of this fall. Sims submitted an employee's report of the injury on November 26, 1991, and he applied for and received medical and temporary total disability benefits. In February of 1992, Sims underwent surgery to have a herniated disk repaired in his lower back.

A contract investigator for the Workers' Compensation Division began a visual and

video tape investigation in October 1992 of Sims's activities. Over the course of the investigation, Sims was observed engaging in a number of work activities. Sims worked on his welding truck, welded, used a grinder, used an acetylene torch to cut metal, and loaded metal into the bed of his truck. In August, October, November, and December of 1992, Sims received $7,250 for the work he performed for Rocky Mountain Cementers. For a few days in late December 1992 and in January 1993, Sims worked as a pipe fitter's helper and earned approximately $870 during that time.

Sims applied for temporary total disability benefits for the month of December 1992. On December 4, 1992, the Workers' Compensation Division issued its initial review concerning Sims's claim for benefits. The Workers' Compensation Division determined that Sims's earning power had been substantially restored and, therefore, denied his claim. Sims filed a motion for restoration of his temporary total disability benefits and submitted an application for recertification of his total disability. A contested case hearing was held to determine whether Sims was entitled to receive temporary total disability benefits. At the conclusion of the hearing, the hearing examiner ruled in pertinent part as follows:

1. That in order for the Office to consider a claim for temporary total disability there must be a properly submitted application and certification for the same, and there is a temporary total disability claim pending for the period [of] December 1, 1992 to December 31, 1992, but no application or certification beyond [that] time.

2. That the application and certification for temporary total disability benefits hereunder consideration cannot be allowed, because the evidence presented reflects that Employee–Claimant has been able to return to work and Employee–Claimant has failed to notify the division that he did work during the certified period.

3. That the evidence presented reflects that Employee–Claimant was not temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he was reasonably suited by experience or training for the certified period of time, and therefore not entitled to temporary total disability benefits.

4. That Employee–Claimant has failed to meet his burden of proof with respect to the temporary total disability benefits claimed, and the objection of the Objector–Defendant, State of Wyoming, ex rel., Wyoming Workers' Compensation Division, to the award of such temporary total disability benefits is sustained.

Sims appealed to the district court. The district court affirmed the hearing examiner's decision, and this appeal followed.

WYO.STAT. § 16–3–114(c) (1990) sets out the standard to be used for judicial review of agency actions. " 'The extent and degree of disability are questions of fact.' " *Leonard v. McDonalds of Jackson Hole,* 746 P.2d 1261, 1262 (Wyo.1987) (quoting *State ex rel. Worker's Compensation Division v. Lewis,* 739 P.2d 1225, 1226 (Wyo.1987)). With regard to questions of fact, we must:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

. . . . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Section 16–3–114(c)(ii)(E).

"Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions."

*Romero v. Davy·McKee Corporation,* 854 P.2d 59, 61 (Wyo.1993) (citing *Farman v. State ex rel. Wyoming Workers' Compensation Division,* 841 P.2d 99, 102 (Wyo. 1992)).

*Bearden v. State ex rel. Wyoming Workers' Compensation Division,* 868 P.2d 268, 269 (Wyo.1994).

Temporary total disability benefits are available to injured workers pursuant to Wyo.Stat. § 27–14–404(a) (Supp.1993):

(a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27–14–102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27–14–403(c).

Wyo.Stat. § 27–14–404(c) (Supp.1993) establishes the point when the employee's right to receive temporary total disability benefits terminates:

(c) Payment under subsection (a) of this section shall cease if:

(i) Recovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored; or

(ii) The employee has an ascertainable loss and qualifies for benefits under W.S. 27–14–405 [1] or 27–14–406.[2]

Wyo.Stat. § 27–14–102(a)(xviii) (Supp.1993) defines temporary total disability as being

that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he is reasonably suited by experience or training. The period of temporary total disability terminates at the time the employee completely recovers or qualifies for benefits under W.S. 27–14–405 or 27–14–406[.]

" '[I]n a worker's compensation case, the claimant has the burden of proof on the essential elements of the claim by a preponderance of the evidence.' " *Bagshaw v. Circle H Oilfield Service,* 753 P.2d 1044, 1045 (Wyo.1988) (quoting *Leonard,* 746 P.2d at 1263). Consistent with this general rule, the employee has the burden "to show that he is entitled to a continuance of [temporary total disability] benefits." *Higgins v. State ex rel. Wyoming Worker's Compensation Division,* 739 P.2d 129, 131 (Wyo.), *cert. denied,* 484

U.S. 988, 108 S.Ct. 508, 98 L.Ed.2d 507 (1987).

In *State ex rel. Wyoming Workers' Compensation Division v. Ohnstad,* 802 P.2d 865 (Wyo.1990), this Court discussed the nature of temporary total disability benefits:

The purpose of awarding temporary total disability benefits is to provide income for an injured employee while he or she recovers. The [statutory] provisions dealing with temporary total disability benefits, when read together, indicate that the legislature intended for workers who are temporarily injured to be compensated until their earning power is substantially restored.

802 P.2d at 867 (citation omitted). In arguing that his earning power had not been substantially restored, Sims. relies upon *Ohnstad* and *Pacific Power and Light v. Parsons,* 692 P.2d 226 (Wyo.1984).

In *Parsons,* an injured employee worked for six weeks in his own sod and landscaping business and received some earnings "during the period of time he claimed temporary total disability." 692 P.2d at 227. In ruling that substantial evidence supported the award of temporary total disability benefits, this Court quoted the Utah Supreme Court as follows:

" '[T]otal disability' does not mean a state of abject helplessness or that the injured employee must be unable to do any work at all. The fact that an injured employee may be able to do some kinds of tasks to earn occasional wages does not necessarily preclude a finding of total disability to perform the work or follow the occupation in which he was injured."

692 P.2d at 228 (quoting *Entwistle Company v. Wilkins,* 626 P.2d 495, 498 (Utah 1981)). This Court continued by holding: "Some occasional work and attempts to get work, during the healing period, do not justify denying temporary total benefits. Also, if a claimant is unable to perform remunerative work with reasonable consistency, without pain and discomfort, temporary disability is deemed total." 692 P.2d at 229. The Court found that

---

**1.** Wyo.Stat § 27–14–405 (1991) pertains to permanent partial disability benefits.

**2.** Wyo Stat § 27–14–406 (1991) provides for the payment of permanent total disability benefits.

the following evidence was sufficient to support the award: (1) the employee's physician had not released him for regular duty; (2) the employee's work was for a short period of time; and (3) the employee was physically limited in performing the work. *Id.*

In *Ohnstad,* an employee was earning approximately $1,200 per month when he was injured. Subsequent to the injury, he took a job which paid less than $600 per month. Comparing the employee's pre- and post-injury earnings, this Court held that substantial evidence supported the conclusion that his earning power had not been substantially restored. 802 P.2d at 868.

The evidence in this case is very different from that presented in *Parsons* and *Ohnstad.* While occasional work by an injured employee may not jeopardize the employee's right to receive total temporary disability benefits, the law requires that benefits cease when "[r]ecovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored." Section 27–14–404(c)(i).

Substantial evidence supported the hearing examiner's conclusion that Sims's earning power had been substantially restored. Sims did not meet his burden of proving that he was temporarily and totally disabled. Sims worked in his own welding business during the period of time he claimed temporary total disability benefits.[3] He received approximately $8,120 in a little over four months. While this amount was less than his pre-injury earnings of $2,600 per month, the disparity between his pre- and post-injury earnings was not nearly as great as that presented in *Ohnstad.*[4]

This Court has recognized that "actual earnings is not the only method for comparing an individual's pre- and post-injury earning power." *Ohnstad,* 802 P.2d at 868 n. 3. *See also Parsons,* 692 P.2d at 228–29; and 1C Arthur Larson, The Law of Workmen's Compensation § 57.21(a) (1993). Unlike the situation presented in *Parsons,* Sims's work activities were not occasional. He worked over a considerable period of time during the summer and fall of 1992 and the winter of 1992–1993. 692 P.2d at 228–29. Sims acknowledged that he was conducting his own welding business and that he had distributed business cards in order to solicit business during this period.

The video tape evidence, as described at the hearing by the contract investigator, indicated that Sims's ability to carry out the duties of a welder was not obviously restricted or limited. Although Sims testified that he was still experiencing pain and that he had not yet been released for work by his physician, he had no apparent difficulty moving or engaging in the various work activities associated with the welding profession.

The hearing examiner's conclusion that Sims's earning power had been substantially restored was supported by substantial evidence.

Affirmed.

---

3. When he applied for temporary total disability benefits, Sims signed a form which contained the following sworn statement: "I do solemnly swear that my disability status remains unchanged, that I have not returned to work, and do hereby make application and claim for temporary total disability for the certified period of time. In the event I am able to return to work prior to the end of the certified period of time, I will notify the Division immediately." Sims signed the application form despite the fact that he had worked, and he did not inform the Workers' Compensation Division that he had returned to work. While we do not base our decision in this case on the fact that he did not candidly report his work activities to the Workers' Compensation Division, we recognize that misrepresentations made by employees in order to receive worker's compensation benefits are improper. Wyo.Stat. § 27–14–510 (Supp.1993).

4. Sims contends that his expenses for the work he performed for Rocky Mountain Cementers, including payment to his stepson for helping him complete the job, were greater than his earnings. The profitability of his work was irrelevant to the issue of whether his earning power had been substantially restored. As we stated in *Parsons:* "Whether this unsuccessful venture was because of appellee's disability, inexperience, management or otherwise, we do not know. It is immaterial to the determination of this case." 692 P.2d at 229 n. 1.