920 P.2d 1246 (1996)
Andrew G. SHASSETZ, Appellant (Petitioner),
v.
STATE of Wyoming, ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. 95-256.
Supreme Court of Wyoming.
July 31, 1996.
George Santini, Cheyenne, for Appellant.
William U. Hill, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Jennifer A. Evans, Assistant *1247 Attorney General, Cheyenne, for Appellee.
Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and HARTMAN, District Judge.
THOMAS, Justice.
The issue before the court is one of substantial evidence to demonstrate the continuation of a worker's temporary total disability. After sustaining an injury while working as a carpenter, Andrew G. Shassetz (Shassetz) filed for worker's compensation benefits and was granted medical and total temporary disability benefits. At a second contested case hearing following a dispute over compensability of Shassetz' injury, evidence developed that Shassetz had training and experience as a computer operator, and his injury would not prevent him from being employed as a computer operator. An order then was entered by the Office of Administrative Hearings terminating the temporary total disability benefits after March 31, 1995, in accordance with WYO. STAT. § 27-14-404(c)(i) (1991). Shassetz sought judicial review. The district court certified the case to this court, and we discern sufficient evidence to support the order of the Office of Administrative Hearings. That order is affirmed.
In the Brief of Appellant Andrew G. Shassetz, the issue is stated as:
Was the decision of the Office of Administrative Hearings to deny temporary total disability benefits prior to Appellant's reaching maximum medical improvement supported by substantial evidence?
In the Brief of Appellee, filed for the Wyoming Workers' Safety and Compensation Division (Division), the issue is stated in this way:
Whether the Office of Administrative Hearings order denying temporary total disability benefits is supported by substantial evidence.
Shassetz suffered an injury to his right knee on September 16, 1994 while he was working as a carpenter for Reiman Corporation. The following day, he reported the injury to his employer, but treated himself instead of seeking medical care. He eventually sought treatment from a physician and pursued a claim under the Wyoming Worker's Compensation Act. Reiman Corporation and the Division disputed the compensability of Shassetz' injury. On January 13, 1995, a contested case hearing was held before the Office of Administrative Hearings. On January 31, 1995, the Office of Administrative Hearings entered an order ruling Shassetz had sustained a compensable injury and awarding medical and temporary total disability benefits.
A dispute then arose about compensability of Shassetz' injury after March 31, 1995. The Division issued a final determination denying further benefits as of March 31, 1995, after concluding the injury was not work related. A second contested case hearing followed, and an osteopathic physician specializing in occupational medicine reported for the Division that, in his opinion, the primary source of the pain Shassetz experienced was due to a preexisting arthritic condition and, further, the preexisting arthritic condition had necessitated his knee surgery in November 1994. Shassetz' treating physician testified by deposition that, in his opinion, the more likely cause of the problem was the September 16, 1994 injury. Testimony was elicited, from Shassetz, that he had prior experience and training as a computer operator and, from his treating physician, that Shassetz could have worked as a computer operator. The product of the second hearing was an order from the Office of Administrative Hearings ruling Shassetz had suffered a compensable injury. The order stated that the question of whether Shassetz' ability to work as a computer operator prevented him from receiving temporary total disability benefits should have been raised at the first hearing, and the first hearing should be conclusive under the doctrine of res judicata or collateral estoppel. The Office of Administrative Hearings ruled, however, since Shassetz had failed to object, the issue could be considered. Relying upon WYO. STAT. § 27-14-404(c)(i), the Office of Administrative Hearings ruled the statute provides for termination of payment for temporary disability in certain circumstances and, in this case, it *1248 precluded the award of temporary total disability benefits after March 31, 1995.
The statute upon which the Office of Administrative Hearings relies provides, in pertinent part, with respect to the award of temporary total disability benefits:
(a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. XX-XX-XXX(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. XX-XX-XXX(c).
* * *
(c) Payment under subsection (a) of this section shall cease if:
(i) Recovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored; or
(ii) The employee has an ascertainable loss and qualifies for benefits under W.S. XX-XX-XXX [permanent partial disability] or XX-XX-XXX [permanent total disability].
WYO. STAT. § 27-14-404 (1991) (emphasis added).
The definition of temporary total disability is found in WYO. STAT. § 27-14-102(a)(xviii) (1991):
"Temporary total disability" means that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment or occupation for which he is reasonably suited by experience or training. The period of temporary total disability terminates at the time the employee completely recovers or qualifies for benefits under W.S. XX-XX-XXX [permanent partial disability] or XX-XX-XXX [permanent total disability] * * *. (Emphasis added.)
Judicial review of a decision of the Office of Administrative Hearings is provided in WYO. STAT. § 27-14-602(b) (Supp. 1995), and that statute specifies the review will be governed by the Wyoming Administrative Procedure Act, WYO. STAT. §§ 16-3-101 to -115 (1990 as amended). The scope of judicial review, pursuant to both the Wyoming Administrative Procedure Act and WYO. R. APP. P. 12.09, permits the court to:
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
* * *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
WYO. STAT. § 16-3-114(c)(ii) (1990).
"Cases certified to this court pursuant [sic] W.R.A.P. 12.09 are reviewed according to the appellate standards applicable to the court of the first instance." Union Tel. Co., Inc. v. Wyoming Pub. Serv. Comm'n, 907 P.2d 340, 341 (Wyo.1995) (citing Hepp v. State ex rel. Wyoming Workers' Compensation Div., 881 P.2d 1076, 1077 (Wyo.1994)).
Shassetz argues that, at the time of the second contested case hearing, he had not completely recovered from his work-related injury and had not qualified for a permanent partial or total disability award. He contends the hearing examiner erred when he ruled Shassetz no longer was eligible for temporary total disability benefits because his earning power had been substantially restored as a computer operator. Alternatively, he asserts no evidence was presented regarding the amount he could earn if he had been hired as a computer operator.
We recently revisited the question of the burden of proof in a worker's compensation case involving the revocation of worker's compensation benefits, and we said:
"The claimant has the burden of proving each essential element of [his] claim by a preponderance of the evidence." Gilstrap v. State ex rel. Wyoming Workers' Compensation Division, 875 P.2d 1272, 1273 (Wyo.1994) (citing Leonard v. McDonalds of Jackson Hole, 746 P.2d 1261, 1263 (Wyo.1987)). "The party who *1249 appeals from an administrative determination has the burden of proving the lack of substantial evidence to sustain the ruling of the agency." Jaqua v. State ex rel. Wyoming Workers' Compensation Division, 873 P.2d 1219, 1221 (Wyo. 1994). * * * We review factual issues by applying the substantial evidence standard. WYO. STAT. § 16-3-114(c)(ii)(E) (1990).
"Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions." Romero v. Davy McKee Corporation, 854 P.2d 59, 61 (Wyo.1993) (citing Farman v. State ex rel. Wyoming Workers' Compensation Division, 841 P.2d 99, 102 (Wyo.1992)).

Bearden v. State ex rel. Wyoming Workers' Compensation Division, 868 P.2d 268, 269 (Wyo.1994), quoted in Hepp v. State ex rel. Wyoming Workers' Compensation Division, 881 P.2d 1076, 1077-78 (Wyo.1994).
Padilla v. Lovern's, Inc., 883 P.2d 351, 354 (Wyo.1994) (emphasis added).
"Consistent with this general rule, the employee has the burden `to show that he is entitled to a continuance of [temporary total disability] benefits.'" Sims v. State ex rel. Wyoming Workers' Compensation Div., 872 P.2d 555, 557 (Wyo.1994) (quoting Higgins v. State ex rel. Wyoming Worker's Compensation Div., 739 P.2d 129, 131 (Wyo.1987), cert. denied, 484 U.S. 988, 108 S.Ct. 508, 98 L.Ed.2d 507 (1987)).
In accordance with these rules, Shassetz was charged with the burden of proof of entitlement to the continuation of temporary total disability benefits. He was required to establish his entitlement to benefits, and that his right to benefits was not foreclosed by restoration of earning power at a gainful occupation for which he was reasonably suited. His burden was to establish he did not enjoy earning power as a computer operator or that his earning power could not be substantially restored by such employment. The record includes this testimony by Shassetz:
Q. By prior experience and training you're qualified to operate computers; is that correct?
A. Yes, sir, that's correct.
Q. And what type of computers, what type of training have you had in that? You went to Laramie County Community College; is that right?
A. Also Casper Community College.
Q. And what type of work are you qualified to do with computers?
A. Operator mainly.
Q. And what does that mean, sir?
A. Just the inputting of the data in to the computer.
Q. Have you looked for any kind of work in computer operations?
A. Yes, sir, I have. I have been back and was seeking work.
Q. So you feel you'd be physically capable of doing that kind of work?
A. Back in computer operations? Yes, sir. I'm also getting involved in computer programming. I'm taking a correspondence course through a school in Washington, D.C. I have my own PC, and I'm taking some programming right now on it.
The treating physician testified with respect to Shassetz' ability to return to work as a computer operator by stating:
Q. Are you familiar with Mr. Shassetz's work history at all?
A. No.
Q. Well, if it's sedentary?
A. I assume we're talking now about after the injury that occurred in NovemberSeptember of '93 [sic]. If a job sitting on a computer had been available to him in that period of October, or November, or December of '93 [sic], he could have worked at that job.
Shassetz does not assert, and we have been unable to find, any evidence presented by him or his treating physician demonstrating he was not physically able to work as a *1250 computer operator or that he was not reasonably suited by experience or training to be a computer operator. Substantial evidence is present to support the finding by the hearing examiner that Shassetz was reasonably suited by experience or training for gainful employment as a computer operator and was capable of earning wages in that capacity. The only time earning power was addressed was during closing argument by Shassetz' attorney. The attorney stated: "For all we know carpenters earn 15 times as much as computer operators. Their [the State's] record in that respect, as far as whether or not that earning capacity has been substantially restored, is deficient at this point."
The purpose of the award for temporary total disability benefits is to provide income to an injured employee while he or she recovers from injuries. Pacific Power & Light v. Parsons, 692 P.2d 226 (Wyo.1984). The statutory provisions addressing temporary total disability benefits, when read together, demonstrate the intention of the legislature that workers who are temporarily injured be compensated until their earning power is substantially restored. Paravecchio v. Memorial Hosp. of Laramie County, 742 P.2d 1276 (Wyo.1987), cert. denied, 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988) (holding we should read statutes relating to the same subject matter together to effectuate the legislature's intent). It follows that, even though an employee has been injured, if gainful employment permits the employee to earn income while recovery from an injury occurs, there is no necessity for the temporary disability benefits to substitute for such income.
In the record, there is no testimony by Shassetz or anyone else demonstrating his earning power would not be substantially restored by employment as a computer operator. He argues that, in effect, the hearing examiner concluded his earning power would be substantially the same as a computer operator as it was as a carpenter. This contention incorrectly characterizes the Findings and Conclusions, which state, in pertinent part:
10. No objection was made to consideration of the issue [whether Shassetz' competence to operate a computer should bring about a cessation of benefits] in this proceeding and, in the absence of an objection, the Office will consider the issue and will conclude that W.S. XX-XX-XXX(c)(i) applies to preclude an award of temporary total disability benefits in this case.
It might have been more clear for the hearing examiner to state that Shassetz failed to meet the burden of proof imposed upon him. That burden was to demonstrate his earning power had not been substantially restored and, for that reason, he was entitled to a continuation of temporary total benefits. The language chosen does not cause the decision of the hearing examiner to be arbitrary, capricious, or not in accordance with law. Shassetz failed to meet his burden, and he is not entitled to shift that burden to the State. This record encompasses substantial evidence to terminate the temporary total disability benefits.
Shassetz contends doing some work coupled with earning some money while temporary total disability exists does not automatically disqualify a worker from receiving those benefits. He also argues he had not, in fact, enjoyed earnings as a computer operator. For his first proposition, he relies upon Parsons, 692 P.2d 226, and State ex rel. Wyoming Workers' Compensation Div. v. Ohnstad, 802 P.2d 865 (Wyo.1990). Those cases do hold doing some work coupled with earning some money during the period of temporary total disability does not automatically disqualify a worker from benefits. The cases are distinguishable here, however, because Parsons and Ohnstad presented evidence that their earning power had not been substantially restored even though they had earned some money. Similarly, Sims, 872 P.2d 555, is distinguishable. There, Sims had earned $2,600 a month prior to his injury and earned $8,120 during approximately four months following his injury. Sims does not, however, impose a requirement of actual restoration of earnings. Shassetz argues that, while there was evidence he had attempted to find work as a computer operator, he had not returned to work, and he asserts the hearing examiner's ruling was based on speculation. The statute does not require actual *1251 employment, only that the earning power is substantially restored. Shassetz' argument is neither apt nor pertinent. The evidence justifies the finding under WYO. STAT. § 27-14-404(c)(i) that his earning power at a gainful occupation for which he is reasonably suited by experience or training was substantially restored.
Shassetz did not present evidence to demonstrate his entitlement to a continuation of temporary total disability benefits because his earning power had not been substantially restored. He failed to carry a burden assigned to him by the law, and we are satisfied substantial evidence supports the conclusion by the hearing examiner that his earning power as a computer operator had been substantially restored. The ruling of the Office of Administrative Hearings was not arbitrary or capricious, and it was made in accordance with law.
The Order Awarding and Denying Benefits issued by the Office of Administrative Hearings is affirmed.