STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Petitioner),

v.

Debra L. GERDES, Appellee (Respondent).

No. 96–176.

Supreme Court of Wyoming.

Dec. 22, 1997.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellant.

Bert T. Ahlstrom, Jr., Cheyenne, for Appellee.

\* CARDINE, Ret.J., deceased July 22, 1997.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and CARDINE, J. (Retired).\*

TAYLOR, Chief Justice.

Appellee sustained a work-related knee injury in November 1993, for which she received temporary total disability payments through June 1995. The Wyoming Workers' Compensation Division denied further benefits on June 9, 1995, after receiving a letter from appellee's doctor which stated she had reached maximum medical improvement. Appellee objected, and after a hearing before the Office of Administrative Hearings, the hearing examiner awarded retroactive benefits and ordered benefits to continue on the condition that appellee schedule future surgery. The Workers' Compensation Division appealed, claiming that the retroactive award was precluded by appellee's failure to comply with statutory filing requirements while her case was pending before the Office of Administrative Hearings, and that future benefits were not appropriate. The Workers' Compensation Division also claims that the hearing examiner's decision was not supported by sufficient evidence.

We affirm the hearing examiner's award of retroactive benefits, and reverse and remand that portion of the award which encompassed prospective benefits.

## I. ISSUES

Appellant, State ex rel. Wyoming Workers' Compensation Division (Division), presents two issues for review, which are essentially echoed by appellee:

A. Whether the Office of Administrative Hearings order awarding prospective and retroactive temporary total disability benefits, for which no claims had been filed, is in accordance with law.

B. Whether the Office of Administrative Hearings order awarding temporary total disability benefits is supported by substantial evidence.

## II. FACTS

In November 1993, while employed at Magic City Enterprises, appellee, Debra L. Gerdes (Gerdes), suffered a compensable injury to her left knee. Following her injury, Gerdes underwent four arthroscopic surgeries, the last two performed by Dr. David A. Kieffer. The surgeries did little to alleviate her condition, which was complicated by a back injury she sustained in a 1992 car accident.

Gerdes received temporary total disability benefits from the time of her 1993 injury until June 7, 1995. On that date, Dr. Kieffer wrote the Division stating he had examined Gerdes and that her condition had reached maximum medical improvement. Dr. Kieffer recommended she consult with the Division of Vocational Rehabilitation for possible training and suggested Gerdes be evaluated for assignment of a permanent partial impairment rating.

The Division sent Gerdes a final determination letter dated June 9, 1995, notifying Gerdes that the temporary total disability benefits were terminated as of June 7, 1995 because she had reached maximum medical improvement. The final determination informed Gerdes she would be contacted regarding a future evaluation for permanent partial disability benefits. The letter concluded with notification that she had a right to contest the determination by written objection on or before July 5, 1995.

Gerdes objected to the final determination by letter dated June 29, 1995. Her letter stated that after consultation with Dr. John E. Winter, she had been referred to Dr. Wayne Gersoff at Rose Medical Center in Denver, Colorado. On that basis, she specifically denied she had reached maximum medical improvement. The case was referred to the Office of Administrative Hearings on July 3, 1995 and a hearing was held on September 19, 1995.

At the hearing, Gerdes testified she was in considerable and constant pain and was told by Dr. Gersoff that her condition may improve with further surgery. She also testified that surgery had not been scheduled due to the Division's verbal denial of compensability. Gerdes testified she had formerly worked as a filling station clerk and an office clerk, but was currently unable to work or perform her former job at Magic City Enterprises.

Gerdes also presented documentary evidence, including: a letter from Dr. Kenneth A. Pettine, dated May 30, 1995, which stated her back injury and knee injury "continue[ ] to be symptomatic" and had caused her to fall on several occasions; Dr. Winter's report, written June 14, 1995; and Dr. Winter's referral to Dr. Gersoff, dated June 29, 1995. Gerdes also submitted Dr. Gersoff's report, which stated:

> IMPRESSION: I explained to Debbie that she certainly does have a very difficult situation. I explained to her that I certainly have a great deal of concern about what her expectations might be after any type of knee surgery. I thought that her best option at this point would probably be to repeat the arthroscopy with repeat debridement and to further assess the patellofemoral joint area; and at the same time also do a tibial tubercle transfer to try to eliminate some of the * * * discomfort and also probably give her more stability * * *. The last resort would possibly be a patellectomy but I certainly discouraged her from this because of the negative impact it will have on her function. I also described to her that it really is an end-stage procedure.
>
> PLAN: She would like to consider her options and will get back to us. I informed her that I will send a copy of this note to Dr. Winter.

In addition to the June 7, 1995 letter from Dr. Kieffer, the Division rebutted Gerdes' evidence with a report from an independent medical examination, conducted at the request of the Division, which determined Gerdes had reached maximum medical improvement with a three percent whole person permanent impairment and was able to work in a "sedentary" job.

The hearing examiner concluded that Gerdes' testimony and the report from Dr. Gersoff were persuasive, and that additional surgery may "improve her function and reduce the disabling effects of her compensable

injury." The hearing examiner also found that the temporary total disability benefits should be paid for the period prior to the hearing. In addition, Gerdes was awarded continuing benefits on the condition she schedule the additional recommended surgery.

At that point, the Division objected, contending that Gerdes had not appropriately filed claims pursuant to Wyo. Stat. § 27–14–404(d) (Cum.Supp.1993) during the pendency of the contested case. The hearing examiner rejected this argument. Noting that the Division's final determination letter did not state that Gerdes must continue to file for benefits during the pendency of her appeal in order to preserve her claim, the hearing examiner determined that the Wyoming Worker's Compensation Act did not require the application of Wyo. Stat. § 27–14–404(d) after notification that benefits were terminated and the matter referred for hearing.

The written order awarding benefits issued on December 6, 1995. The Division filed a timely appeal to the district court, which was certified to this court pursuant to W.R.A.P. 12.09(b).

## III. STANDARD OF REVIEW

 Our standard of review of the hearing examiner's factual findings is well settled:

"If, after examining the entire record, we find substantial evidence to support the agency's finding, we will not substitute our own judgment for that of the agency. Instead, we will uphold the agency's finding. Substantial evidence is relevant evidence which a reasonable person might accept as supporting the agency finding. * * * In addition, we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence. * * *"

* * *

This rule clearly encompasses the proposition that the reviewing court does not reweigh the evidence. On judicial review of an agency determination, the burden * * * is assigned to the appellant to demonstrate that the agency's findings and conclusions are not supported by substantial evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 876 (Wyo.1994) (*quoting Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1351 (Wyo.1993)).

 While the reviewing court may not substitute its judgment for that of the agency when reviewing findings of fact, a similar precept does not apply to agency conclusions of law. An agency's conclusions of law will be affirmed only if they are in accordance with law. *Matter of Cordova,* 882 P.2d 880, 882 (Wyo.1994); *Aanenson v. State ex rel. Wyoming Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992) (*quoting State ex rel. Wyoming Workers' Compensation Div. v. White,* 837 P.2d 1095 (Wyo.1992) and *Employment Security Com'n v. Western Gas Processors, Ltd.,* 786 P.2d 866, 871 (Wyo. 1990)). Where the determination to be reviewed is a mixed question of law and fact, the reviewing court will defer to the agency's findings of basic fact, but will correct misapplication of the law to those facts. *Aanenson,* 842 P.2d at 1080 (*quoting Union Pacific R.R. Co. v. State Bd. of Equalization,* 802 P.2d 856, 860–61 (Wyo.1990)).

## IV. DISCUSSION

### A. APPLICATION OF WYO. STAT. § 27–14–404(d) TO PENDING CONTESTED CASES

 The Division claims that because Gerdes did not file claim certification pursuant to Wyo. Stat. § 27–14–404(d) while her contested claim was pending, the hearing examiner had no authority to award benefits for that time period. Wyo. Stat. § 27–14–404 provides, in relevant part:

(a) If after a compensable injury is sustained and as a result of the injury the employee is subject to temporary total disability as defined under W.S. 27–14–102(a)(xviii), the injured employee is entitled to receive a temporary total disability award for the period of temporary total disability as provided by W.S. 27–14–403(c).

* * *

(c) Payment under subsection (a) of this section shall cease if:

(i) Recovery is complete to the extent that the earning power of the employee at a gainful occupation for which he is reasonably suited by experience or training is substantially restored; or

(ii) The employee has an ascertainable loss[1] and qualifies for benefits under W.S. 27–14–405 or 27–14–406.

(d) * * * Benefits under subsection (a) of this section shall not be paid if:

(i) An employee or his personal representative fails to file a claim for benefits within thirty (30) days after the first day immediately succeeding the first thirty (30) days of any certified period of temporary total disability;

(ii) A claim is filed without the signature of the claimant and certification by the attending health care provider[.]

*See also Wyoming Workers' Compensation Rules, Regulations and Fee Schedules*, ch. 5, § 2(a)(i) (1995) (a claim for temporary total disability ("TTD") must be filed within sixty days after the first day of certified temporary total disability).

Although the language of Wyo. Stat. § 27–14–404(d) is unambiguous as applied to ongoing temporary total disability claims, the statute is silent as to whether these procedural requirements apply after benefits are terminated and the claimant awaits a contested case hearing. Therefore, we must discern whether the legislature intended the statutory requirements in Wyo. Stat. § 27–14–404(d) to apply while an objection to the Division's final determination is pending. *Painter v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 953, 954–55 (Wyo.1997).

■ Our method of statutory construction was set forth in detail in *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042–45 (Wyo.1993), where we stated:

We read the text of the statute and pay attention to its internal structure and the functional relation between the parts and the whole. * * * If an ambiguous statute

has been construed by an agency charged with administering it, we will accord deference to, but are not bound by, that construction. After all, the final construction of an ambiguous statute is a question for the court.

After examining the Wyoming Worker's Compensation Act as a whole, looking at the component parts as well as its purposes and underlying policy considerations, we conclude that the procedures mandated in Wyo. Stat. § 27–14–404(d) do not apply to claims which accrue during contested case proceedings.

Pursuant to the legislature's specific direction, the Wyoming Worker's Compensation Act must be construed to assure "the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers" and that "benefit claims cases be decided on their merits * * *." Wyo. Stat. § 27–14–101 (1997). We do not doubt that the quick and efficient delivery of *ongoing* temporary total disability benefits is aided by mandatory filings pursuant to Article 4, Employee Benefits, Wyo. Stat. §§ 27–14–401 through 27–14–408 (1993), and Article 5, Claim Procedure, Wyo. Stat. §§ 27–14–501 through 27–14–511 (1993). *See Higgins v. State ex rel. Wyoming Workers' Compensation Div.*, 739 P.2d 129, 133 (Wyo.), *cert. denied*, 484 U.S. 988, 108 S.Ct. 508, 98 L.Ed.2d 507 (1987). Periodic certifications allow the Division to effectively monitor entitlement to these benefits in the presence of a substantial number of continuing claims. However, the purpose of the procedural requirements of Wyo. Stat. § 27–14–404(d) does not appertain to the period following a final determination that benefits be terminated. After a final determination, no number of filings or certifications will reinstate the benefits or allow the claim to be heard on its merits.

■ The purpose of awarding temporary total disability benefits is to provide income for an injured employee while he or she recovers. We have recognized that the legislature intended workers who are tempo-

---

1. "Ascertainable loss" is a term specifically defined in the Wyoming Worker's Compensation Act and is commonly measured at the point of

"maximum medical improvement." Wyo. Stat. § 27–14–102(a)(ii) (Cum.Supp.1993).

rarily injured to be compensated until their earning power is substantially restored. *Sims v. State ex rel. Wyoming Workers' Compensation Div.*, 872 P.2d 555, 557 (Wyo. 1994) (*quoting State ex rel. Wyoming Workers' Compensation Div. v. Ohnstad*, 802 P.2d 865, 867 (Wyo.1990)). A final determination terminating these benefits triggers the employee's duty to submit a timely objection, thereby removing the case to a "contested" status, governed by the provisions of Article 6 of the Wyoming Worker's Compensation Act. Under Article 6, the hearing examiner has exclusive jurisdiction to determine the merits of the case. Wyo. Stat. § 27–14–602(c) (Cum.Supp.1993). The claimant must come to the hearing prepared to prove substantive entitlement to continued benefits. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo. 1996); *Higgins*, 739 P.2d at 131. Thus, the claimant must show that he or she meets the conditions set forth in Wyo. Stat. § 27–14–404(c). *Sims*, 872 P.2d at 557; *see also Ohnstad*, 802 P.2d at 867 and *Pacific Power and Light v. Parsons*, 692 P.2d 226, 228 (Wyo.1984). If the claimant prevails on the merits at the hearing, retroactive benefits may be awarded. *Higgins*, 739 P.2d at 133.

While the Division claims that the filing requirements are necessary in order "to monitor the conditions of all injured employees applying for disability benefits," literal compliance with the statute demands more than can reasonably be expected of a prudent person in the assertion of his or her rights. "In the last analysis, because it is the claimant's rights whose destruction is at stake, the decisive test ought to be the reasonableness of his or her belief and conduct." 7 Arthur Larson, *Workers' Compensation Law*, § 78.43(*l*) at 15–371 (1997).

The Division fails to state why the procedural filing requirements are necessary after it has terminated benefits. Instead, it relies on the mandatory nature of the statutory language to provide a procedural bar. However, the Division does not claim it lacked notice that Gerdes was seeking continuing benefits during the pendency of the case. Neither is this a situation where the claimant sought additional compensation or asserted injury not within the scope of her original claim and objection. In fact, the Division does not suggest any adverse effect due to Gerdes' failure to comply with the procedural requirements of Wyo. Stat. § 27–14–404(d). To the contrary, the record shows that the Division received letters and reports from medical providers during the pendency of the case. In addition, Gerdes complied with the Division's request to undergo an independent medical examination two weeks before the date of the hearing.

The strict application of Wyo. Stat. § 27–14–404(d) would serve only to burden a claimant with the attendant costs of continued certification, even though the Division has predetermined that these costs are not compensable. Thus, the application of the procedural requirements found in Article 4 of the Wyoming Worker's Compensation Act during the pendency of a contested case does not further efficient service to an injured claimant, but rather prevents a meritorious claim from being decided based on the merits of the case.

We therefore find that the hearing examiner was not precluded from awarding retroactive benefits to Gerdes. However, the Wyoming Worker's Compensation Act does not authorize the hearing examiner's award of claims which accrue after the hearing date. The hearing examiner is limited to the issues which exist at the time of the hearing. Thus, to the extent that the hearing examiner's award ordered payment of benefits which accrued after the date of the hearing, the award is reversed and remanded for modification in accord with our holding.

**B. SUFFICIENCY OF THE EVIDENCE**

█ Although the Division concedes that Gerdes presented sufficient evidence to support her assertion that she had not reached maximum medical improvement, the Division contends she failed to present evidence that her earning power had not been substantially restored. *See* Wyo. Stat. § 27–14–404(c)(i). "[I]f gainful employment permits the employee to earn income while recovery from an injury occurs, there is no necessity for the temporary disability benefits to substitute for such income." *Shassetz v. State ex rel. Wyo-*

*ming Workers' Safety and Compensation Div.,* 920 P.2d 1246, 1250 (Wyo.1996). However, "if a claimant is unable to perform remunerative work with reasonable consistency, without pain and discomfort, temporary disability is deemed total." *Pacific Power and Light,* 692 P.2d at 229.

 A review of the record indicates sufficient evidence to support the hearing examiner's conclusion that Gerdes remained temporarily totally disabled at the time of the hearing. The letter from Dr. Kieffer recommends vocational rehabilitation for training in a different occupation, and Dr. Gersoff notes a "great deal of patellofemoral pain * * *." The report submitted after the independent medical examination states that Gerdes is able to return to a sedentary job, but the job must allow for "mixed sitting and standing" and requires total restriction on "kneeling or stooping" while at work. At the hearing, Gerdes testified she had previously worked as a clerk at a gasoline station and had secretarial experience, but was unable to work at the present time. She also testified she continued to be in considerable pain and had "fallen down" on several occasions due to her injury.

We find that the record contains sufficient evidence to support the conclusion that Gerdes was unable to work with reasonable consistency without pain and discomfort. Therefore, the retroactive award of temporary total disability benefits is affirmed.

## V. CONCLUSION

The procedural requirements of Wyo. Stat. § 27–14–404(d) do not apply during the pendency of a contested case, and the hearing examiner may properly award retroactive temporary total disability benefits if the claimant prevails on the merits. The record contained sufficient evidence to support the hearing examiner's conclusion that Gerdes had not reached maximum medical improvement, nor had her earning power been substantially restored. To the extent that the order contained an award of prospective ben-

efits, the order is reversed and remanded for modification in accord with this opinion.